## Robinson *v*. Wallace, Appellant.

*Principal and agent—Undisclosed principal—Contract.*

Where a person contracts for goods in his individual capacity without disclosing that he was acting for any other person, and the seller does not know and has no reason to believe that the person with whom he is dealing represented an undisclosed principal, the purchaser will be bound individually, and subsequent disclosure that he was acting as an agent will not relieve him from liability.

*Courts—Municipal Court of Philadelphia—Trial without jury— Appeals—Review.*

Where a case is tried by the Municipal Court of Philadelphia without a jury, and the plaintiff's case depends upon oral testimony, and no requests are presented for findings of fact or conclusions of law, a general finding for the defendant, if it is responsive to the issue presented by the pleadings has the force of the general verdict of a jury; and if the court subsequently makes an order dismissing plaintiff's motion for judgment non obstante veredicto, the appellate court will not reverse such order in the absence of anything in the record to show that the finding of the trial judge was capricious.

Submitted Oct. 10, 1916.   Appeal, No. 116, Oct. T., 1910, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1916, No. 654, for plaintiff in case tried by the court without a jury in suit of Harmon Robinson v. Robert Wallace.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for goods and labor.   Before CRANE, J.
The opinion of the Superior Court states the case.

54, (1916).]   Assignment of Error—Opinion of the Court.

*Error assigned* was in finding for plaintiff.

*John Arthur Brown* and *Henry P. Brown,* for appellant.

*William A. Robinson,* for appellee.

PER CURIAM, November 15, 1916:

By agreement of counsel, this case was heard before a judge of the Municipal Court without a jury, and he found in favor of the plaintiff. A careful review of the testimony satisfies us that there was ample evidence to warrant the conclusion he reached, in holding that the defendant contracted for the goods in his individual capacity, and did not disclose at that time that he was acting for any other person. And further, that the plaintiff did not know, and had no reason to believe that the defendant was representing an undisclosed principal. Having parted with his goods on the faith and credit induced by the defendant, he has an undoubted right to recover from him.

The facts developed subsequently did not relate back so as to affect the validity of the original contract: Bymer v. Bonsall, 79 Pa. 298. There was no suggestion of agency in the transaction, and such a disclosure made after liability is incurred comes too late to relieve the agent of liability: 31 Cyc. 1559; Murphey v. Hutchinson, 21 L. R. A. (N. S.) 787.

Herring v. Weinroth, 61 Pa. Superior Ct. 529, and Peoples v. Philadelphia, 62 Pa. Superior Ct. 553, are decisive of this case, under somewhat similar facts, "Where a case is tried by the Municipal Court of Philadelphia without a jury, and the plaintiff's case depends upon oral testimony, and no requests are presented for findings of fact, or conclusions of law, a general finding for the defendant, if it is responsive to the issue presented by the pleadings has the force of the general verdict of a jury; and if the court subsequently makes an order dismissing

plaintiff's motion for judgment non obstante veredicto, the appellate court will not reverse such order in the absence of anything in the record to show that the finding of the trial judge was capricious."

The judgment is affirmed.