## Berkowitz, Appellant, v. Palruba Mfg. Co.

*Trial—Trial by judge without a jury—Capricious disbelief of evidence—Municipal Court of Philadelphia.*

Where on the trial of an interpleader in the Municipal Court of Philadelphia by a judge without a jury, the only witness is a son of the defendant in the execution, who claims that he purchased the goods in good faith at a constable's sale, the judge is not to indulge in an unwarranted disbelief of the witness and find for the defendant, if the uncontradicted testimony of the claimant is not improbable in itself, nor at variance with any proven or admitted facts, or contrary to ordinary experience, and there is no reasonable ground to doubt the candor of the witness.

Argued Oct. 5, 1917.  Appeal, No. 101, Oct. T., 1917, by plaintiff, from judgment of Municipal Court, Philadelphia Co., June T., 1916, No. 369, for defendant on case tried by the court without a jury in suit of William F. Berkowitz, Guardian of Jacob Lindenbaum, a minor, v. Palruba Mfg. Co. and Louise Lindenbaum.  Before OR-LADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Issue in interpleader framed under the Act of May 26, 1897, P. L. 95.  Before CRANE, J., without a jury.

At the trial the only witness was the claimant who was a son of Louis Lindenbaum, the defendant in the execution.  The testimony of the plaintiff is summarized in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant.

*Herbert W. Salus,* with him *Samuel W. Salus,* for appellant.—We submit that the rule for juries has at least by this court been established to be the rule controlling upon judges of the Municipal Court of Philadelphia sitting without juries in the disposition of issues of fact,

560 BERKOWITZ, Appellant, v. PALRUBA MFG. CO.

precluding them from indulging in the capricious disbelief of evidence: Robinson v. Wallace, 65 Pa. Superior Ct. 54; Peoples v. Philadelphia, 62 Pa. Superior Ct. 553.

*William S. Furst,* for appellee, cited: Goddard v. Weil, 165 Pa. 419; Penna. Knitting Mills v. Bibb Mfg. Co., 12 Pa. Superior Ct. 346; Tremont Coal Co. v. Manly, 60 Pa. 384; Bloom v. Warner, 1 Chest. Co. 180.

OPINION BY KEPHART, J., December 13, 1917:

We said in Robinson v. Wallace, 65 Pa. Superior Ct. 54, that when a case is tried by a judge of the Municipal Court of Philadelphia without a jury, "and the plaintiff's case depends upon oral testimony, and no requests are presented for findings of fact or conclusions of law, a general finding for the defendant, if it is responsive to the issue presented by the pleadings has the force of the general verdict of a jury; and if the court subsequently makes an order dismissing plaintiff's motion for judgment non obstante veredicto, the appellate court will not reverse such order in the absence of anything in the record to show that the finding of the trial judge was capricious": (Herring v. Weinroth, 61 Pa. Superior Ct. 529). A jury is not at liberty to indulge in a capricious disbelief of testimony, and where a judge tries a case without a jury, he will not be permitted to indulge in an unwarranted disbelief of testimony which is not in itself improbable, or is not at variance with any proof or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting: Lonzer v. Lehigh Val. R. R. Co., 196 Pa. 610; Macneir v. Wallace, 252 Pa. 323; Walters v. American Bridge Co., 234 Pa. 7.

The appellant is the claimant of property in an interpleader proceeding. He purchased the goods at a constable's sale. There is no evidence attacking the validity of the debt, the regularity of the sale, or the method of conducting it. So far as this record shows, the sale was

in all respects legal. The mere fact that the purchaser was a son of the defendant named in the execution would not be ground for holding that he bought with his father's money. There is nothing remarkable about his statement that he preferred to buy the property rather than advance money to pay off his father's debts. The price paid for the goods was fair considering the fact that it was a forced sale. There was nothing done to prevent any one from bidding higher if he wished to. The claimant showed that the money used represented his earnings as a clerk; that since the date of the purchase he conducted the business in his own name. That his father helped him is immaterial. In short, the uncontradicted evidence was not improbable in itself, nor at variance with any proven or admitted facts, or contrary to the ordinary experience. There was no reasonable ground to doubt the candor of the witness who testified. The judge should not have indulged in an unwarranted disbelief. The second assignment of error is sustained.

The judgment is reversed and the record is remitted to the court below with instructions to enter judgment non obstante veredicto.