## Hoffman, Appellant, *v.* Hockfield Brothers.

*Sales—Sales Act—Breach of warranty—Remedy of buyer—Damages.*

In a sale of personal property where there is a breach of warranty the buyer may keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price. In the case of such breach the measure of damages is the loss directly and naturally resulting in the ordinary course of events from the breach of warranty. In the absence of special circumstances showing proximate damage of a greater amount, the loss is the difference between the value of the goods at the time of the delivery to the buyer and the value they would have had if they had answered to the warranty.

In an action for damages for breach of warranty in the sale of certain furniture, which was warranted to be covered with genuine muleskin and was in fact upholstered with some imitation material, the vendee is entitled to recover the difference between the price he paid for the furniture, and the value of it if it had been as warranted.

Argued November 10, 1920. Appeal, No. 278, Oct. T., 1920, by plaintiff, from judgment of Municipal Court of Philadelphia, July T., 1919, No. 144, for defendants in case tried by the court without a jury in the suit of

Philip J. Hoffman v. Benjamin Hockfield and Harry Hockfield, copartners, trading as Hockfield Brothers. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for breach of warranty. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendant. Plaintiff appealed.

*Error assigned* was refusal of plaintiff's motion for judgment non obstante veredicto.

*Joseph A. Allen,* for appellant.—The right to recover damages for breach of warranty and the measure of damages is covered by the Sales Act of May 19, 1915, P. L. 543. There was ample evidence as to the amount of the damages: Griffin et al. v. Metal Product Company, 264 Pa. 254; Samuel v. Delaware River Steel Company, 69 Pa. Superior Ct. 605; Buckbee v. P. Hohenadel Company, 224 Fed. 14, L. R. A. 1916, C-1001; Ford v. Farmers' Exchange, 189 S. W. 369, L. R. A. 1917, B-1106; Ellison v. Johnson, 54 S. E. 202, 5 L. R. A. (N. S.) 1151.

*C. E. Outterson,* for appellee, filed no printed brief.

OPINION BY LINN, J., March 5, 1921:

This case was tried in the municipal court by a judge without a jury, and he found for defendants. They were sued for $111.50 with interest from April 11, 1918, damages alleged to have resulted from their breach of warranty made in the sale of certain furniture. Plaintiff averred and proved that he bought the furniture with a warranty that it was covered with genuine muleskin, but that the furniture delivered was covered with an imitation of muleskin. At the trial it was stipulated that

the value of the furniture as warranted when delivered
would have been $250. The purchase price was $92.50,
payable in installments. Plaintiff had paid $46.50 on
account when he discovered the breach of warranty.
Defendants offered no evidence except as they joined in
the stipulation of value referred to. The court below
filed no opinion and gave no reason for its conclusion.
We cannot sustain it. The record contains the uncon-
tradicted evidence of plaintiff and his wife fully sup-
porting their allegations of warranty and the breach
thereof.

The Sales Act of May 19, 1915, P. L. 543, provides:
"Section 69. First. Where there is a breach of warranty
by the seller, the buyer may, at his election,—(a) Ac-
cept or keep the goods, and set up against the seller the
breach of warranty by way of recoupment in diminution
or extinction of the price." "Sixth. The measure of
damages for breach of warranty is the loss directly and
naturally resulting, in the ordinary course of events,
from the breach of warranty. Seventh. In the case of
breach of warranty of quality, such loss, in the absence
of special circumstances showing proximate damage
of a greater amount, is the difference between the value
of the goods at the time of delivery to the buyer and the
value they would have had if they had answered to the
warranty."

If plaintiff had paid for the goods, his loss would
have been the difference between $250, the value as war-
ranted, and $92.50, the purchase price, or $157.50. He
concedes that he still owes installments amounting to
$46, which when credited upon the former sum leaves
$111.50, the amount for which he declares. He is en-
titled to that sum with interest. -Under the uncontra-
dicted evidence in this case, the court should so have
found: Berkowitz v. Palruba Mfg. Co., 68 Pa. Superior
Ct. 559.

There is evidence that when defendants' attention was
called to the breach of warranty, they agreed in writing

to reupholster the furniture with genuine muleskin, and for that purpose received it back, but after getting it, refused to comply with their agreement. Plaintiff was then entitled to rescind that contract and bring this suit. We should perhaps say that the determination of this case is without prejudice to the right of the plaintiff to get back his furniture as it was when delivered to defendants under that agreement.

The judgment is reversed and the record is remanded to the court below with instructions to enter judgment for the plaintiff for $111.50 with interest from April 11, 1918.