## Wool v. Johannes Keller Building and Loan Association.

*Oscar Rosenbaum*, for plaintiff; *Meyer L. Casman*, for defendant.

ROSEN, J., April 20, 1932.—This is an action in assumpsit for the withdrawal value of five shares of building and loan association stock held by the plaintiff in the defendant association. The case was tried by a judge without a jury and resulted in a finding for the defendant.

At the trial of the case the plaintiff presented evidence to the effect that he was the owner of five shares in the tenth series of the capital stock of the defendant association; that the total amount paid in by him on these shares was $400; that he gave notice of withdrawal on June 6, 1930, and that this

withdrawal notice was placed by the defendant on the withdrawal list, being at that time No. 8 on the list.

The plaintiff did not prove or attempt to prove that his turn on the withdrawal list had been reached, or that there were funds in the treasury of the association sufficient to meet his demands, or that one-half of the funds therein would pay his claim, or that the board of directors had consented to the application of more than one-half of the funds in the treasury to his demand.

In Brown *v.* Victor Building Ass'n, 302 Pa. 254, the Supreme Court adjudged the statement of claim by a withdrawing stockholder insufficient where the withdrawing stockholder merely alleged the payment of the amount on the stock, the giving of notice to withdraw, the demand for payment of withdrawal value and the failure of the association to pay. A reading of the opinion in that case shows that it is necessary in such a case to allege in the statement of claim that the plaintiff's turn has been reached, that there is in the treasury of the association sufficient funds to pay his claim, or that one-half of the fund therein will pay his claim, or that the board of directors has consented to the application of more than one-half of the funds in the treasury to his demand. If these are necessary allegations in the statement of claim, they are necessary to be proven at the trial of the case; the plaintiff in this case has utterly failed to prove any of the foregoing requirements.

The plaintiff produced some evidence at the trial of the case, consisting of correspondence between the attorneys for the plaintiff and the defendant, disclosing an attempt to settle this claim; this evidence need not be considered, because the offer of compromise was never accepted by the plaintiff.

The plaintiff further produced evidence consisting of an admission in the affidavit of defense that the defendant association borrowed some money from one of its directors, which it used to make two settlements with two withdrawing stockholders for less than the full amount due such stockholders, and these stockholders whose claims were thus settled had filed their withdrawal requests subsequent to that of the plaintiff. We are of the opinion that this evidence falls short of proving affirmatively the foregoing allegations, which are necessary in order to entitle the plaintiff to recover. There was no evidence produced as to whether these payments were made before or after this suit was started, or whether the amounts paid to these two withdrawing stockholders would have been sufficient to pay all withdrawing stockholders whose withdrawal applications were filed prior to the plaintiff's and leave sufficient money in the treasury to pay the plaintiff. Evidence of improper conduct of the directors of the association, if the foregoing payments to withdrawing stockholders can be construed as improper conduct, is not conclusive evidence of the fact that the plaintiff at the time this suit was brought, or even at any subsequent time, was entitled to be paid the amount of his withdrawal stock. It is certainly clear that the evidence is not sufficient to warrant the court in entering binding instructions for the plaintiff upon the trial of the case.

No request for findings of facts or conclusions of law were filed in this case, and the finding in favor of the defendant by the trial judge, therefore, has the effect of a verdict of a jury: Herring *v.* Weinroth, 61 Pa. Superior Ct. 529; Robinson *v.* Wallace, 65 Pa. Superior Ct. 54; Deacon *v.* Hendricks, 66 Pa. Superior Ct. 36; Berkowitz *v.* Palruba Mfg. Co., 68 Pa. Superior Ct. 559.

In determining the propriety of entering judgment non obstante veredicto, the controlling question is whether binding instructions would have been proper. All the evidence must be considered in the light most favorable to

the party against whom the court is asked to enter judgment. Considering the evidence in this light, we are of the opinion that the plaintiff was not entitled to binding instructions at the trial of the case.

For the foregoing reasons, the motion for judgment non obstante veredicto is dismissed.