Emerson C. Custis & Company, Appellant, *v.*
Tradesmans National Bank & Trust
Company et al.

Argued, March 13, 1944. Before Keller, P. J., Bald-
rige, Rhodes, Hirt, Reno and James, JJ. (Ken-
worthey, J., absent).

*William Langton Rubin*, with him *Leo Belmont*, for
appellant.

*Paul Maloney*, with him *Evans, Bayard & Frick*, for
appellee.

Opinion by Rhodes, J., July 15, 1944:

This action in assumpsit was tried before a judge of
the municipal court without a jury. See section 12 of the

Act of July 12, 1913, P. L. 711, as amended by the Act of June 20, 1919, P. L. 515, §1, 17 PS §695. The trial judge made a general finding for defendant. The court in banc refused plaintiff's motions for judgment n.o.v. and for a new trial. Plaintiff has appealed from the judgment entered on the finding.

Appellant brought this action against defendant to recover the sum of $1,675 upon a quantum meruit for compensation for services alleged to have been rendered in the sale of premises situate at No. 210 Chestnut Street, Philadelphia, Pa. Appellant is engaged in the real estate brokerage business.

Defendant's position was that it never employed appellant, and that it only offered to pay commissions to any broker for a completed sale of the property at $40,000.

Appellant was interested in representing the owners of the properties in the area extending from Second Street to American Street, and from Chestnut Street to Sansom Street, in the City of Philadelphia, for sale of these properties to the United States Government for the site of a custom house and appraisement stores. Appellant solicited defendant in order to secure representation of the property at No. 210 Chestnut Street. At the trial there was evidence that appellant was never engaged to represent defendant, but that defendant had authorized a price of $40,000 for the property in question, and if the same was sold for that price it would pay appellant, or any other broker who consummated the sale, 5 per cent commission. There was no written contract.

The government selected the Second and Chestnut Street area for a custom house and stores. Appellant offered the property, No. 210 Chestnut Street, for $40,000. As the price was too high, the government subsequently instituted condemnation proceedings. Thereafter defendant, without notice to appellant,

agreed to a valuation of the said premises in the amount of $33,500. Defendant's attorney appeared and filed a stipulation for a consent verdict, and then presented a petition for an order upon the clerk of the United States District Court, with whom the money had been deposited by the government, to pay the same to defendant. Appellant did not participate in any way in these proceedings.

It suffices to say that there is ample evidence in the record to support the finding of the trial judge which has the force and effect of a jury verdict. See *Jann v. Linton's Lunch,* 150 Pa. Superior Ct. 653, 656, 29 A. 2d 219; *Deacon v. Hendricks,* 66 Pa. Superior Ct. 36; *Philadelphia & Gulf Steamship Co. v. Clark,* 59 Pa. Superior Ct. 415.

In his opinion the trial judge, in reference to his finding, said: "The preponderance of the credible evidence confirms the answers to the plaintiff's [oral] requests and the findings of the trial judge. It establishes the facts that the defendant did not employ the plaintiff to represent it in the sale or transfer of the premises in question, that Edward Murphy did not agree as the agent of the defendant or in any capacity to pay to the plaintiff a five per cent commission upon the sale price of the premises in the event of a sale to the United States Government or to any person, that the said Edward Murphy did not have authority to enter into any such agreement which would be binding upon the defendant, that the selection of the site for the erection of the described public building, included within which site were the premises in question, was not the result of the efforts of the plaintiff, that admittedly there was no sale of the premises for the sale price of $40,000, that the plaintiff did not represent the defendant in any capacity in the negotiations which resulted in the transfer of the premises to the United States Government for the consideration or sale price of $33,-500, that admittedly an agreement or stipulation was

made between the representatives of the United States Government and the defendant acting by and through its attorney, H. Horace Dawson, in the course of condemnation proceedings with reference to the premises in question which had been instituted in the United States District Court for the Eastern District of Pennsylvania, for the transfer of the title to the said premises to the United States Government for the consideration or sale price of $33,500."

The so-called quantum counts were devised to enable a plaintiff to recover for a benefit conferred under such circumstances as did not create either a true debt or an actionable assumpsit, but which benefit the parties nevertheless intended should be paid for. 2 R.C.L. p. 746; 1 Standard Pa. Prac. pp. 318, 319.

From the record it may be said that there was no intention on the part of defendant to pay commissions to appellant unless it produced a purchaser at the price of $40,000, and that there was no intention at all to pay after condemnation proceedings had been instituted by the government, since it was then obvious that this price would not be paid by the government.

There was an absence of such mutual obligations as in themselves constituted a contract of employment, and the condition upon which compensation would have been paid was not performed. It amounts to nothing that appellant may have conducted negotiations with a prospective purchaser unless the negotiations resulted in making a sale in fulfillment of the stipulated conditions. The situation here was that the government refused to buy at the fixed price, and began proceedings to condemn the property. It makes no difference that defendant and the government agreed on a lower valuation. Appellant had nothing to do with that proceeding. Appellant did not effect a sale of the property at the price which would have entitled it to a commission, and there can be no disturbance of the finding and judgment in favor of defendant.

Judgment is affirmed.