Fink, Admrx., *v.* Lumbermens Mutual Casualty Co., Appellant.

Argued October 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Norman Paul Harvey,* for appellant.

*Abram P. Piwosky,* with him *Sacks & Piwosky,* for appellee.

OPINION BY ROSS, J., January 20, 1953:

This action of assumpsit was brought by Olive J. Fink, administratrix of the estate of Sheridan Vaughn

Fink, against Lumbermens Mutual Casualty Company on a policy of automobile insurance issued by the defendant to plaintiff's decedent. At the trial, after some of the plaintiff's testimony had been heard, counsel agreed that a verdict be directed for the plaintiff. Defendant's subsequent motion for judgment n.o.v. was refused and this appeal followed.

The facts of the case are not in dispute. The policy in suit was issued to plaintiff's decedent on June 27, 1950 and was stated to be effective to June 27, 1951. There was no encumbrance against decedent's automobile when the policy was issued, but on September 12, 1950 decedent caused an encumbrance in favor of his mother, Mrs. Mertie Fink, to be noted on his title certificate as security for a loan. On November 21, 1950, Sheridan Fink lost his life as the result of an automobile accident, and the insured automobile which he was driving at the time was almost completely demolished. This action followed defendant's refusal to pay for the damages to the insured automobile.

Under the heading "Exclusions" the policy contained the following: "This policy does not apply . . . (h) under coverages C, E, F, G, H and I, (1) while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy; . . ." It is defendant's contention that it is not required to indemnify the insured if damage occurs to the insured automobile while there exists an encumbrance against it, irrespective of whether the encumbrance existed at the time the policy was issued or came into existence later. Consequently, the only question involved in the case is whether the exclusion provision of the policy applies to encumbrances existing at the time the policy was issued or includes encumbrances subsequently placed on the insured vehicle.

The question has not before been passed upon by an appellate court of this Commonwealth but the defendant, in support of its contention, has cited to us a number of cases from other jurisdictions. We have carefully examined these cases and agree with the learned court below that they are "not persuasive in either reasoning or conclusion".

However, we do believe that the rationale of the Oregon Supreme Court in *Medford v. Pacific Nat. F. Ins. Co.*, 189 Ore. 617, 219 P. 2d 142, is sound. In that case the defendant, on May 26, 1946, issued a policy of insurance to plaintiff insuring his automobile against loss resulting from collision. On November 8, 1946, the automobile was totally wrecked. The policy provided that it did not apply under coverages for damage by collision "while the automobile is subject to any . . . mortgage . . . not specifically declared and described in this policy". There was an encumbrance on the car when the policy was issued and this encumbrance was described in the policy. On September 9, 1946, plaintiff paid off this encumbrance but a few days later borrowed money from a third party and this loan was secured by a chattel mortgage on the insured automobile. The Court stated at page 645: "In view of the phraseology of the policy we hold that there was no warranty or agreement against encumbrances created after the execution of the policy. Such encumbrances obviously could not be described in 'this policy'. The words used are open to such construction, and applying the authorities earlier quoted, we hold that the policy should be construed favorably to the insured if there be any ambiguity. If the company intended to cover future mortgages it could have said so. [citing cases]." See also 29 Am. Jur., Insurance, sec. 624, p. 502, in which it is stated: ". . . a provision that the policy shall be void 'if the property be in any manner

encumbered, and such fact be not stated in this policy or the assured's application for insurance,' is a stipulation against encumbrances existing when the contract is made, but not against future encumbrances."

The exclusion clause in this defendant's policy is, at least, ambiguous. It informs the insured that the policy does not apply "while the automobile is subject to any . . . encumbrance not specifically declared and described in this policy". We agree with the statement of the court below: "The crucial language is not 'while the automobile is subject', as defendant contends, but, rather, 'not specifically declared and described in this policy.' Without a requirement of notice to the insurer that an encumbrance has fallen upon the automobile after the policy is issued, how is such an encumbrance to be 'specifically declared and described'? It seems reasonable to suppose, that, in the absence of a requirement that the insurer be notified and given an opportunity to disclaim liability under the contract, the language of the exclusion refers to the date of issue, rather than to the date of loss."

If the exclusion clause had provided for notice by the insured to the insurer, it would have been perfectly clear that the exclusion was applicable to an encumbrance placed after the date the policy was issued. Without the requirement of notice, the clause is open to the construction that it is applicable only to an encumbrance in existence when the policy was issued. In *Harding v. Penna. Mutual Life Ins. Co.*, 171 Pa. Superior Ct. 236, 90 A. 2d 589, Judge DITHRICH, speaking for this Court, stated at page 249 : ". . . the cardinal rule of construction, that where a policy is susceptible of more than one construction it must be liberally construed in favor of the insured and against the insurer, is so universally and firmly established as to no longer require citation.", and at page 251 : "The phraseology of

the policy was chosen by the insurer and tendered in fixed form to the prospective policyholder, and since its language is reasonably open to two constructions, we will adopt that construction which is more favorable to the insured."

Consequently, we hold that the exclusion provision of the policy involved in this suit applied only to encumbrances in existence at the time the policy was issued and became effective.

Judgment affirmed.