## Allen, Appellant, *v.* Insurance Company of North America.

282

Argued March 19, 1954. Before HIRT, ROSS, GUN-THER, WRIGHT, WOODSIDE and ERVIN, J.J.

*Ralph B. Umsted,* for appellant.

*C. L. Cushmore, Jr.,* with him *Thomas Raeburn White, Jr.,* and *White, Williams & Scott,* for appellee.

OPINION BY WRIGHT, J., April 15, 1954:

The Insurance Company of North America issued to Joseph A. Allen two policies of fire insurance, each with an Extended Coverage Endorsement including,

inter alia, the peril of "explosion". Allen instituted an action in assumpsit on the theory that his property, both real and personal, had been damaged by an explosion. The case was tried by a Judge of the Municipal Court without a jury, and the finding of the trial judge was for the defendant. Plaintiff has appealed from the refusal of his motions for judgment notwithstanding the finding, and for a new trial.

On December 28, 1951, a delivery of fuel oil was being made at appellant's residence. The storage tank was located inside the house in a corner of the basement, and had been in use for thirteen years. It was four and one-half feet high, oval in shape, and had a capacity of 275 gallons. The intake pipe was against the outside wall near the door of the basement, and accessible from the driveway. The delivery man placed the hose from the truck tank in the intake pipe, set the meter, and turned the lever releasing the oil. He testified that, while he was standing near his truck with the motor running, he noticed the curtains on the basement door move, and saw oil seeping out at the bottom of the door. He shut off the hose and went into the basement where he found oil coming from the storage tank and spreading over the floor. Appellant testified that he had looked at the tank that morning and had not noticed any seepage or odor. He had observed from the guage that the tank was less than one-quarter full. Appellant further testified that he carefully examined the tank after it was removed. He found a "large gash" along the seam near the top of the tank "where the pieces of metal had been welded together". Appellant subsequently referred to the separation in the tank as an "aperture". On cross-examination he called it a "split". The separation was eighteen inches long and an inch and a quarter wide at its widest point. The metal at the edges of the separation was perfectly clean with no evidence of

rust. The edges themselves were somewhat fluted or undulating. Appellant's wife referred to the edges as wavy or ruffled. Appellee offered no evidence.

Appellant's principal contention is that this court "should enter judgment for the plaintiff notwithstanding the finding". In support of this proposition he cites *Berkowitz v. Palruba Mfg. Co.,* 68 Pa. Superior Ct. 559, and *Hoffman v. Hockfield Brothers,* 75 Pa. Superior Ct. 595. In those cases we held that a judge could not indulge in an unwarranted disbelief of uncontradicted evidence. In the case at bar, however, the evidence presented did not oblige the trial judge to make a finding for the plaintiff. His action was not based upon a disbelief of plaintiff's evidence, but upon his conclusion that such evidence did not establish an explosion under the terms of the policy.

We agree with appellant that, where a policy is susceptible of more than one construction, it must be liberally construed in favor of the insured and against the insurer: *Fink v. Lumbermens Mutual Casualty Co.,* 172 Pa. Superior Ct. 533, 93 A. 2d 882. However, it is equally well settled that, where there is no ambiguity, the court must construe the language of a policy in accordance with the plain ordinary meaning of its terms: *Skelly v. Fidelity and Casualty Co. of New York,* 313 Pa. 202, 169 A. 78. And see *Ehrlich v. United States Fidelity and Guaranty Co.,* 356 Pa. 417, 51 A. 2d 794. The term "explosion" as used in a policy of insurance must be taken in its ordinary sense: *Tannenbaum v. Fire Insurance Companies,* 127 Pa. Superior Ct. 278, 193 A. 305. An "explosion" is defined by Webster as "a violent bursting or expansion, with noise". The distinguishing characteristic of an explosion is the detonation. The only evidence tending to show an explosion in the case at bar was the movement of the curtains and the separation in the tank, from which oil was escaping. The delivery man heard

no noise and there was no evidence of smoke or sprayed oil. The tank was provided with an air vent which was apparently working in a normal manner. Appellant could not say whether the oil remaining in the tank below the separation was greater or less than the oil remaining in the tank before the commencement of the filling operation. We approve the following language of Judge JONES of the lower court: "A finding that an explosion was 'the instrument of destruction', the cause of the aperture at the time and under the circumstances testified to, would be speculative. The age of the tank, its condition, the aperture discovered after oil had spread upon the basement floor and the removal of the tank do not establish an explosion as the cause of the opening at the welded seam. The possibilities are many, limited only by the fertility of one's imagination. The burden of proof resting upon the plaintiff is not sustained by guesses, conjectures, speculations, nor is the liability of the defendant determined thereby".

In the extended coverage endorsements appeared the following clause: "Provisions Applicable Only to Explosion: This Company shall not be liable for loss by explosion, rupture or bursting of steam boilers, steam pipes, steam turbines, steam engines, fly-wheels owned, operated or controlled by the insured or located in the building(s) described in this policy". Appellant argues that the grouping of the words "rupture or bursting" with the word "explosion" in this clause shows that these perils were regarded by the insurer as synonymous terms. In making this argument appellant apparently concedes that the evidence does not establish an explosion in the ordinary sense. He is contending that the evidence does establish a "rupture or bursting", which peril was not excluded from coverage generally. We are of the opinion, however, that the use of the words "explosion" and "rupture or

bursting" in the exclusion clause emphasizes the distinction in the meaning of the terms. We do not regard the terms as synonymous. The exclusion clause was concerned solely with the escape of steam, and the general definition of the term explosion was not thereby enlarged.

Appellant also contends that "a new trial should be granted because the finding was against the evidence and the weight of the evidence". Where a case is tried by a judge without a jury, the findings of fact of the trial judge have the force and effect of a jury verdict: *Custis & Co. v. Tradesmans National Bank & Trust Co.,* 155 Pa. Superior Ct. 282, 38 A. 2d 409. The granting of a new trial on the ground that the finding of a trial judge, sitting without a jury, was against the weight of the evidence is peculiarly for the court below, and we will not reverse unless there has been an abuse of discretion: *Robinson Electrical Co. v. Capitol Trucking Corporation,* 168 Pa. Superior Ct. 430, 79 A. 2d 123. In the case at bar the trial judge found that the evidence submitted by the plaintiff did not establish a loss by "explosion" within the terms of the policies. The fact that the evidence was uncontradicted is not controlling: *Aaron v. Strausser,* 360 Pa. 82, 59 A. 2d 910. A new trial would serve no useful purpose and, in refusing to grant a new trial, the court below did not abuse its discretion.

Judgment affirmed.