Gordon, Appellant, *v.* London & Lancashire Indemnity Company of America.

Argued September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*Irwin N. Rosenzweig,* for appellant.

*Joseph Head, Jr.,* with him *Swartz, Campbell & Henry,* for appellee.

OPINION BY WRIGHT, J., November 16, 1955:

On February 15, 1952, David Gordon purchased a one-year automobile liability policy through Zackary Kaplan, a licensed insurance broker. Kaplan placed the policy with the Alexander L. Rovine Company, an authorized agent for the London & Lancashire Company of America, hereinafter referred to as the Company. According to the agreed statement of facts, Kaplan was not an agent of the Company. The cov-

erages of the policy were as follows: "A. Bodily Injury Liability $10,000 each person, $20,000 each accident; B. Property Damage Liability $5,000 each accident; C. Medical Payments $500 each person". On February 7, 1953, while Gordon was operating his automobile, it was involved in a collision with two other vehicles. As a result, Gordon suffered personal injuries for which he incurred medical expenses. The next day Gordon called Kaplan by telephone, informed him that the accident had occurred, and verbally gave him the date, time, place and persons involved. Kaplan then called the Rovine agency and relayed this information. Kaplan testified that, when he received the telephone call, he requested Gordon to stop in and file a formal report, but that this was never done. However, several days later, Gordon wrote a letter to Kaplan setting forth the pertinent information, and Kaplan forwarded this letter to the agency. The Company had Gordon examined by two physicians, once on February 16, 1953, and again on March 20, 1953. On April 6, 1953, Gordon instituted suit against the two other operators involved in the collision, both of whom carried liability insurance with the Company. Counsel for the Company conducted the defense in the trial of the case. On February 2, 1954, Gordon recovered a verdict. The next day Gordon made written demand upon the Company that it pay his medical expenses in the amount of $320.00. Upon the failure of the Company to make such payment, Gordon instituted the present action. At the conclusion of his case, the trial judge sustained the Company's motion for a compulsory nonsuit. The court en banc refused to remove the nonsuit, and this appeal followed.

There are three portions of the policy which are here material. One appears under the general heading "Insurance Agreements" and reads as follows:

"Coverage C—Medical Payments—To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon entering or alighting from the automobile if the automobile is being used by the named Insured or with his permission". The other two portions appear under the general heading "Conditions" and read respectively as follows: "6. Notice of Accident—When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses" . . . "9. Medical Reports; Proof and Payment of Claims—Coverage C—As soon as practicable the injured person or someone on his behalf shall give to the Company written proof of claim, under oath if required, and shall, after each request from the Company, execute authorization to enable the Company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the Company when and as often as the Company may reasonably require".

It is conceded by counsel for appellee that appellant's recovery from third persons does not operate to relieve the Company from paying appellant his medical expenses under the terms of the policy. Appellee's position, sustained by the lower court, is that appellant failed to "give to the Company written proof of claim" under clause 9 of the conditions, and that "mere notice of the accident in accordance with the provi-

sions of the policy applying to coverage for liability against claims made by others is not sufficient".

In reviewing the refusal of the lower court to take off the compulsory nonsuit, we must read the evidence in the light most favorable to appellant, giving to him the benefit of all reasonable inferences which a jury might derive: *McCreery v. Westmoreland Farm Bureau Co-operative Association,* 357 Pa. 567, 55 A. 2d 399. The policy must be liberally construed in favor of the insured: *Fink v. Lumbermens Mutual Casualty Co.,* 172 Pa. Superior Ct. 533, 93 A. 2d 882. Where the duty to give notice is a condition precedent, a breach of that duty will release the obligation imposed by the policy, whether or not the Company was prejudiced thereby: *Ross v. Mayflower Drug Stores,* 338 Pa. 211, 12 A. 2d 569. But in the case at bar the Company did receive notice of the accident. Counsel for appellee contends, however, that the Company was prejudiced because appellant did not "identify himself as an insured", and failed to alert the Company concerning its obligation to him under Coverage C. We are not impressed by this argument. Our review of the record fails to reveal any prejudice. In this regard the burden of proof is upon the Company: *Frank v. Nash,* 166 Pa. Superior Ct. 476, 71 A. 2d 835.

An analogy is offered by our decision in *Telesky v. Fidelity Guaranty Fire Corp.,* 140 Pa. Superior Ct. 457, 13 A. 2d 899. In that case no proof of loss was filed under a policy insuring against loss of use and occupancy due to fire, but it appeared that a proof of loss had been filed under a policy issued on the same day by the same company covering household furniture, stock and fixtures. We held that ". . . it would be unconscionable to permit it (the Company) to escape liability under the use and occupancy policy simply because appellee did not make a technical compliance

with the terms thereof by submitting the identical information in connection with that claim. 'As a rule, the law does not require vain things, and technical proofs could but restate that of which the company was already fully informed, hence, to insist upon them in a case like that in hand, would be to oppose the barest technicality as a bar to the plaintiff's right to recover a strictly honest claim' ".

The judgment of the court below is reversed with a procedendo.