# Fifteen Twenty-six, Inc., v. American Eagle Fire Insurance Company of New York (No. 2)

*Elias Magil*, for plaintiff.

*White & Williams*, for defendant.

FLOOD P. J., December 23, 1959.— This case was submitted on the following agreed statement of facts:

"1. This is an action in assumpsit for the recovery of damage to an air conditioner compressor owned by the plaintiff, on July 24, 1950, under certain policies of insurance issued by the defendants to the plaintiff covering contents owned by the plaintiff and physically located in premises 1524-42 Market Street, Philadelphia, Pa. It is agreed that said policies were in full force and effect as of the time of the loss, and that said policies covered the said contents, including the compressor referred to below, for all direct loss sustained, inter alia, by 'explosion.' A copy of the policy is attached. It is agreed that all of the policies contained identical language.

"2. On July 24, 1950, an air conditioning system had been installed in the aforesaid building, and as an integral part thereof, a sixty ton compressor was in operation in the 15' x 20' penthouse on the roof of said building. This was a standard type compressor, operated by an electrical motor, alternately compressing freon gas and permitting the same to expand in order to cool the air in the interior of the building in the usual manner.

"3. On July 24, 1950, at about 4:00 P. M. the valves supplying freon gas to the compressor failed to operate properly and permitted liquid freon to enter at least one cylinder of the compressor with the following results:

"The piston head attempted to compress the liquid freon, but since the latter was incompressible, and the openings of the valves were insufficient to permit the escape of the liquid, the piston head was broken. This permitted the connecting rod which connected the drive shaft to the piston head to become disconnected from the piston head, with the result that the piston end of the connecting rod was driven against the crank case of the compressor by the drive shaft, which continued to revolve by the action of the electrical motor referred to above. The connecting rod broke a hole six or seven inches in diameter in the crank case causing all of the damage sued for, other than the damage to the piston and connecting rod which occurred upon the entrance of the liquid freon into the cylinder.

"4. As a result of the sequence of events described in the foregoing paragraph, the following occurred:

"When the connecting rod was driven through the crank case, it made a loud noise which sounded to bystanders like dynamite, a truck backfire, or a gun shot, and 'a terrific crash.' There was the noise of metal flying about the penthouse in which the compressor was

located and the freon in the interior of the crank case was permitted to escape through the hole, filling the penthouse with a vapor which looked like fog, smog or smoke. One piece of metal hit the penthouse door five or six feet away from the compressor. The building was shaken to the point where bottles shook in the bar on the second floor, and the ducts on the second floor were shaken so that their cloth coverings were loosened and soot was shaken from them.

"There was no flame or combustion or sparks and the vapor emitted as a result of the above occurrence, although it looked like smoke, was in fact freon gas. It is agreed that freon gas is not combustible and is in fact a fire retardant.

"5. It is agreed that if the court shall find that the above sequence of events constituted an 'explosion' within the meaning of that term as used in the policies, a finding shall be entered in favor of the plaintiff and against all of the defendants other than Enterprise Mutual (which is in liquidation) in the amount of $4,000."

Neither the briefs submitted by counsel nor our own research has uncovered a factual situation which can serve as precedent for resolving the issue presented. A fundamental approach has been expressed however. In an insurance policy, the word "explosion" must be taken in its ordinary sense: Allen v. Insurance Company of North America, 175 Pa. Superior Ct. 281, 284 (1954). The explanation of the term most frequently referred to is that "The word is variously used and is not one that admits of exact definition, having no fixed and definite meaning either in ordinary speech or in law; but is said to be a general term, unlimited in its application. Its general characteristics may be described, but the exact facts which constitute what we call by that name are not susceptible of such state-

ment as will always distinguish the occurrences . . . the true meaning of the word in each particular case must be settled, not by any fixed standard, or accurate measurement, but by common experience and notions of men in matters of that sort. The term is to be construed in its popular sense, and as understood by ordinary men, and not by scientific men": 35 C. J. S. pp. 215, 216.

The word is defined by Webster as an "[a]ct of exploding; detonation; a violent bursting or expansion, with noise, following the sudden production of great pressure, as in the case of explosives, or a sudden release of pressure, as in the disruption of a steam boiler": II Webster's New International Dictionary p. 898 (2d ed., 1954).

As we read the stipulated facts, the only action which approximated an explosion was the escape of freon gas from the crank case, but this gas did not cause the break. The gas escaped through the puncture created by the thrust of the piston end of the connecting rod into the crank case of the compressor. Apparently it was this thrust which caused the noise. It does not seem to us that the puncture of a container of gas by a mechanically-driven rod is what is ordinarily regarded as an explosion.

While the cases are not clear, none of them go beyond a break as a result of fluid or gaseous pressure or the pressure caused by expanding or freezing water, or the release of such pressure. None of them approximate the situation here where a break is made as a result of a heavy blow by a solid object.

We conclude that the damage to plaintiff's air conditioning system did not result from an explosion within the meaning of that term as used in the insurance policies in question.

The court finds for defendant.