## Mathiasen, Appellant, *v.* Brennan.

Argued April 26, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Rowland C. Evans, Jr.,* of *Krusen, Evans, Shaw & Campbell,* for appellant.

*Harold B. Beitler,* for appellee, was not heard.

PER CURIAM, June 29, 1935:

This is an appeal from the refusal of the court below to take off a nonsuit entered in an action of trespass to recover damages for personal injuries. The automobile accident giving rise to this suit occurred in Delaware County at the point where Clifton Avenue intersects the Chester Pike from the north. In this vicinity the portion of the pike traveled by automobiles is separated by a double line of trolley car tracks. The northern side of the highway, 37½ feet in width, is used by westbound traffic, and the southern side, which is 17½ feet wide, accomodates a double lane of motor cars traveling in an eastward direction. Clifton Avenue intersects the Chester Pike at right angles from both the north and the south, forming in each instance what is known as a "T" intersection. The distance from the point at which the east line of South Clifton Avenue meets the pike to the west line of North Clifton Avenue is approximately 118 feet. The Chester Pike is a through highway which is marked by "stop" signs, one of which was placed at the northwest corner of the scene of the accident.

On November 14, 1931, at about 7:30 p. m., plaintiff was driving his car eastwardly on the Chester Pike. Defendant was going south in his automobile on North Clifton Avenue. Plaintiff had not quite reached the intersection of South Clifton Avenue when he first observed the lights of defendant's car, which he then estimated to be about 100 feet north of the pike. He proceeded ahead in the right-hand lane of traffic at a speed of 25 miles an hour. Plaintiff observed defendant's car pass the north

curbline of Chester Pike without stopping and traverse the car tracks at the paved intersection preparatory to turning left into the easterly traffic driveway. Plaintiff did not slacken his speed, however, or in any other way take precautions to avoid the danger which confronted him. He continued straight ahead as defendant's car turned into the highway ahead of him until the cars were about a foot apart, when he swerved sharply to the right, colliding with a telephone pole on the grass twenty feet east of the east line of Clifton Avenue. Plaintiff drove his car approximately 150 feet from the time he first saw defendant's car without retarding his speed and he did this in the face of a danger which was, by his own testimony, obvious and increasingly imminent. Plaintiff must have known that if defendant turned into the highway ahead of him, the latter's car would necessarily swing into the lane of traffic in which plaintiff was traveling. Although he admitted he could have stopped within fifteen feet, he made no effort to avoid the danger until too late to escape an accident, and in these circumstances we agree with the court below that he was contributorily negligent and has no ground to recover against defendant.

The cases relied upon by appellant can all be distinguished upon their facts from the present case, and the statements contained therein can have no application to the situation before us. Appellant argues he was not expected to anticipate defendant would violate the traffic regulation which requires vehicles to stop before entering a through highway. This rule has no application here for plaintiff must have seen that defendant's car failed to stop when it crossed the northern side of the street, which occurred at a time when plaintiff, under his own testimony, still had ample time to avoid an accident by decreasing his speed.

Judgment affirmed.