Renz *v.* Hazlett, Appellant.

Argued March 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Rufus S. Marriner,* with him *John F. Wiley,* of *Marriner & Wiley,* for appellant.

*Wray G. Zelt, Jr.,* and *David I. McAlister,* of *Hughes, McAlister & Zelt,* for appellee, were not heard.

OPINION BY MR. JUSTICE MAXEY, April 18, 1938:

This is an action in trespass. Between 3 and 4 p. m., September 1, 1936, plaintiff was operating an automobile in an easterly direction on the National Pike in Washington County and the automobile station wagon belonging to defendant was being driven by his son in a westerly direction along the Pike. Plaintiff wished to make a left-hand turn into a detour road and she claimed that before doing so she slowed down and extended her left arm as a signal of her intention to make this turn. When she was two-thirds across the Pike, defendant's automobile station wagon, which she had failed to see while making observations, collided with her automobile and knocked the latter over an embankment, as a result of which it was greatly damaged and she was seriously injured.

The negligence charged was that defendant's automobile was driven at a high and dangerous rate of speed, that no warning was given of its approach, and that the driver tried to pass plaintiff at an intersection and failed to have his automobile under proper control.

At the trial it was testified that defendant's car approached the point of collision at a speed of 65 miles an hour. Defendant disputed this though shortly after the

accident he admitted, so a witness testified, that he was traveling 45 miles an hour as he approached the place of collision. The improved portion of the Pike at this point is twenty feet wide. It was testified that plaintiff was crossing the road at a speed of five miles an hour. The jury returned a verdict for the plaintiff in the sum of $7,500. Defendant made a motion for a new trial on the ground that the verdict was against the weight of the evidence, against the law and that it was excessive. Defendant also made a motion for judgment n. o. v., claiming that the plaintiff was guilty of contributory negligence in that she failed to see defendant's oncoming car. Plaintiff filed her remittitur on the verdict rendered by the jury, in the sum of $2,500. Judgment was thereupon entered for $5,000. The motions for judgment n. o. v. and for a new trial were discharged. This appeal followed.

It is appellant's chief contention that plaintiff was guilty of contributory negligence. This was based largely upon plaintiff's testimony that she looked east and west and saw no car coming, before she started across the highway. She said she kept on looking until she was two-thirds across the center of the highway and there was no car in sight. She testified: "I was probably halfway on the reddog road [into which she was turning] and I saw something to the right of me and a crash, and that is all I remember." Defendant offered the testimony of a civil engineer based upon measurements and observations that a person sitting in a car of the same size as the car plaintiff sat in at the time of the collision, could see the full width and the top of the windshield of an oncoming westbound car at a distance of 412 feet and could see the headlight at 359 feet and the tires, as the car came over the brow of the hill, at 190 feet. Defendant invokes this testimony as "an incontrovertible physical fact" to convict plaintiff of contributory negligence.

We have accepted engineers' maps and measurements as to distances in certain "crossing cases." In *Hawk v. Penna. R. R. Co.*, 307 Pa. 214, 160 A. 862, we accepted them as proof that a driver of a car had a clear view down the tracks toward an oncoming train for a distance of 1,500 feet and that therefore the driver of the car either did not "look" as she claimed she did or she did not look carefully and vigilantly as it was her duty to do. That was a case where a driver's disclaimer of contributory negligence was clearly negatived by a physical fact. On the other hand, this court in *Ehrhart v. York Rys. Co.*, 308 Pa. 566, 162 A. 810, refused to accept the physical fact that a track was visible for 150 feet in the direction from which a street car came at a speed of 45 miles an hour as a fact which would convict of contributory negligence the driver of an automobile crossing the tracks. In that case this court, in an opinion by Mr. Justice DREW, said: "Under these circumstances, we cannot say that Ehrhart was struck so instantaneously as to show that, if he did look and listen, he must have driven upon the track directly in front of the car which he saw and heard. . . . It is true that if Everhart's estimate as to the speed of the street car was correct, Ehrhart could have completely crossed the track at a speed of only four miles an hour in the two and one-third seconds the street car covered the distance from the curve to the crossing, but the margin of safety would have been extremely small. . . . Under such circumstances, a 'precise timing of the relative movements of the [automobile] and [street car] and close calculation of time and space, at best only an approximation, make the margin of safety such a narrow one that a traveler should not be held accountable, as matter of law, for the resulting accident': *Mills v. Penna. R. R. Co.*, 284 Pa. 605 [131 A. 494]."

As an oncoming street car or train makes a much more vivid impression on the human eye than an automobile gradually coming into view as it ascends a hill

(as in the case at bar), we cannot hold that the "incontrovertible physical fact" offered by the appellant and based on the engineer's estimates, justifies the judgment appellant asks for. In the case last cited, the street car's speed was 45 miles an hour; in the instant case there was testimony that the defendant's speed was 65 miles an hour, or about 95 feet a second. According to the civil engineer, the car just began to come into the view of a person sitting where plaintiff was sitting, at a distance of 412 feet. It was wholly within view at a distance of 190 feet. At just what distance the car would emerge from the surrounding rolling and tree-dotted landscape and impress itself on the eye of one in the plaintiff's position, does not appear as an incontrovertible fact and was properly left to the jury's determination. Furthermore, when the engineer was making his observations, he was standing or sitting at a fixed point in the highway, while the plaintiff when she made her observations was in a moving car and necessarily had to give some attention to the driving of her car "at second speed" (as she testified) across the highway. The maximum legally permissible speed of a car at the time of this accident was forty miles an hour. Plaintiff had a right to assume that a car coming across the brow of the hill would not exceed this speed. We said in *Adams v. Gardiner,* 306 Pa. 576, 583, 160 A. 589: "Everyone to whom a duty is due has a right to assume that it will be performed." There were witnesses whose testimony, based on observation, was that when plaintiff started to make a turn into the Pike she could see an oncoming westbound car "over the hill" only when it reached a point 90 feet from her. What we said in *Adams v. Gardiner,* supra, is applicable here: "If the plaintiff failed to exercise due care at the intersection, the testimony did not show that fact so plainly that the court could as a matter of law declare him guilty of contributory negligence. The jury might under the evidence have done so but it did not."

Some complaint is made of the size of the verdict. Plaintiff proved that the damage to her car amounted to $325 and that her hospital and doctor bills totaled $220. In addition, the record discloses that she sustained a broken nose and a fracture of the cheek bone, this fracture extending into the floor of the orbit of the eye. She also sustained a cut on the cornea of the right eyeball and a slight brain concussion. A physician testified that as a result of the accident, plaintiff's cheek is affected with a numbness which will be permanent. Plaintiff also testified that while before the accident she was free from headaches, since the accident she suffers headache a greater part of the time. She also claimed that her sight was somewhat impaired by the accident. We think that under the circumstances the verdict was not excessive.

The judgment is affirmed.