980

## STEGNER et al. v. FLORINI.
### No. 6903.

Circuit Court of Appeals, Third Circuit.
April 25, 1939.

Rehearing Denied June 14, 1939.

Walter W. Harris (of O'Malley, Hill, Harris & Harris), of Scranton, Pa., for appellants.

Lawrence Van Deusen and R. L. Levy, both of Scranton, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

Geno Florini brought suit in the District Court for the Middle District of Pennsylvania to recover for personal injuries sustained by him in a collision which occurred on September 7, 1934, at the intersection of Sixth and River Streets in the Borough of Honesdale, Wayne County, Pennsylvania, between the motorcycle which he was riding and the defendants' truck. The first trial resulted in a verdict for the plaintiff for $6,500. The District Court allowed a new trial because of its conclusion that the plaintiff had not proved negligence on the part of the defendants and had proved himself guilty of contributory negligence. The plaintiff appealed from the order allowing the new trial and this court dismissed the appeal for lack of jurisdiction. Florini v. Stegner et al., 3 Cir., 82 F.2d 708.

On the second trial the jury rendered a verdict for the defendants. The District Court denied a motion for a new trial, supporting its conclusion in a well reasoned opinion. Upon reargument, however, it granted a new trial by an order in which it chose to assign no reasons. The third trial resulted in a verdict for the plaintiff for $16,192.50. The District Court refused the defendants' motions for judgment non obstante veredicto upon a point for binding instructions reserved at the trial and for a new trial and entered judgment for the plaintiff. There was no dispute in the evidence as to the manner in which the accident happened. The testimony as to this, which was substantially the same at each trial, all came from the plaintiff and his witnesses. It was fairly summarized by the District Court in its first opinion as follows:

"At the time of the accident, Sixth Street crossed a bridge and extended in an easterly direction into an intersection with River Street, which ran generally in a northerly and southerly direction. Sixth Street came to a dead end at River Street, where there was on the east side of River Street a stone wall which supported a dwelling house. Sixth Street, as it crossed the bridge, was about eighteen and one half feet wide, and as it entered River Street at the easterly end of the bridge, widened out so that there was an unpaved area way not usually traveled upon. River Street was about twenty feet wide, with a gutter on the easterly side which was about two feet from the stone wall. Both streets were hard surfaced. Just north of Sixth Street on River Street, on its westerly line, were a barn, a barber shop building, and a dwelling house. The barn was so located that it blocked the view of one approaching the intersection from the north on River Street and of one approaching the intersection from the west on Sixth Street.

River Street was a through street which was marked by a 'stop' sign, which was placed on the south side of Sixth Street at the Southwest corner of the scene of the accident.

"In the morning of September 7, 1934, a clear day, the Plaintiff was driving a motor cycle in a southerly direction on the westerly side of River Street, known as a 'through street' approaching Sixth Street. As the Plaintiff approached Sixth Street, he first noticed Defendants' truck when he was more than fifty feet from the intersection, at which time he was traveling twenty-five or thirty miles an hour, and Defendants' driver was entering into and upon the intersection on Sixth Street, traveling at from ten to fifteen miles an hour. The Plaintiff then increased his speed by about five miles an hour, swerved to his left and collided with Defendants' truck which had reached the east side curb of River Street, the front of the truck near the North curb line of Sixth Street and the rear of the truck slightly south. The driver of the truck was making a left turn. The Plaintiff's motor cycle ran into the front of the truck, striking the tire of the right or left front wheel. Plaintiff was thrown over the hood of the truck and landed between the automobile and the stone wall. From the rear of the truck to the westerly line of River Street, there was a space of at least ten and one half feet."

The Vehicle Code of Pennsylvania, 75 P.S.Pa. c. 1, in section 1014(c), 75 P.S.Pa. § 573(c) Supp., directs the driver of a vehicle entering a through highway or stop intersection to yield the right of way to all vehicles approaching in either direction on the through highway. The section declares, however, that this provision shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way. It will thus be seen that while the plaintiff had the right of way he was not at liberty to exercise it arbitrarily or without regard to the safety of others.

■ In Spear & Co. v. Altmyer, 124 Pa. Super. 9, 187 A. 309, the applicable law is tersely stated by Judge Cunningham thus (124 Pa.Super. page 14, 187 A. page 311): "A driver approaching an intersection must not only look for cross-traffic when he first reaches it, but must continue to look as he crosses in order to avoid a possible collision. The failure to perform this duty renders him contributorily negligent. Riley v. McNaugher, 318 Pa. 217, 178 A. 6; Shapiro et ux. v. Grabosky, 320 Pa. 556, 184 A. 83; Stevens v. Allcutt, 320 Pa. 585, 184 A. 85. The fact that such a driver is on a through highway, or otherwise has the right of way, does not relieve him of his duty of care at intersections. Bailey v. C. Lewis Lavine, Inc., et al., 302 Pa. 273, 153 A. 422; Byrne et al. v. Schultz, 306 Pa. 427, 160 A. 125."

■ From a study of the testimony of the plaintiff and his witnesses we can reach but one conclusion—that the plaintiff exercised his right of way in a manner so arbitrary as to make him chargeable with contributory negligence. The plaintiff first observed the defendants' truck entering the intersection without stopping when he was midway past the barber shop. This was, by actual measurement, approximately fifty-five feet from the northerly line of Sixth Street. Although the plaintiff's motorcycle was of an old fashioned make requiring from fifty to sixty feet before it could be brought to a stop when traveling at twenty-five miles an hour, he continued at this rate of speed, in complete reliance upon his statutory right of way. In this he erred, for he had the duty to be prepared for the emergency created by the defendants' truck entering the through highway.

When the plaintiff saw the defendants' truck already committed to the crossing and nosing into River Street he could no longer assume that the defendants' driver would stop at the stop sign. It then became the duty of the plaintiff to bring his motorcycle under such control as to enable him to avoid a collision. Instead of coming to a stop or reducing speed he increased speed and swerved from his side of the road directly into the path of the truck in an effort to beat the truck past the intersection. Even though we accept the plaintiff's contention that the defendants' driver was negligent, it appears beyond question that the plaintiff's negligence contributed to the accident.

A situation similar in all important aspects to that in the instant case arose in Mathiasen v. Brennan, 318 Pa. 577, 179 A. 438. In that case the defendant, without stopping at a stop sign, went into a through street, directly in front of the plaintiff's

982

automobile. The trial court entered a compulsory nonsuit because the plaintiff was guilty of contributory negligence in failing to retard his speed after he became aware of the danger. The Pennsylvania Supreme Court affirmed the judgment for the defendant.

We, therefore, conclude that the District Court erred in refusing the defendants' motion for judgment n. o. v. upon the point of law reserved at the trial. The judgment is reversed and the cause is remanded to the District Court with directions to enter judgment for the defendants non obstante veredicto.