**HOWE v. SCHEIBEL.**

**Nos. 1970 and 1971, Civil.**

District Court, W. D. Pennsylvania.

Oct. 26, 1942.

Carl A. Belin, of Clearfield, Pa., for plaintiff.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Plaintiff brought the above two actions to recover damages resulting from an automobile accident alleged to have been caused by defendant's negligence. In one action he claimed damages for injuries to himself and in the other action, damages by reason of the death of his wife. In both actions, defendant, at the trial, submitted a request for binding instructions in his favor. These requests, under the Rules, are reserved. A verdict was rendered in each case in the amount of $10,000 in favor of the plaintiff. The actions are now before us on defendant's motion that the verdict and judgment in each action be set aside and judgment entered in favor of the defendant, and also, for a new trial.

██ Defendant contends that under the evidence plaintiff was guilty of contributory negligence as a matter of law, and

therefore that the Court should now enter judgment in each action in his favor. In the consideration of this contention all of the evidence offered by the plaintiff, together with the inferences that may be reasonably drawn therefrom, must be accepted as true.

U. S. Route No. 119 is a paved road running in a northerly and southerly direction. U. S. Route No. 322 is a paved road running in an easterly and westerly direction. These two roads intersect at a point about 3 miles south of Dubois, Pa. U. S. Route 119 is a through highway. U. S. Route 322 is not a through highway. At the time of the accident hereinafter referred to, there were proper stop signs and notices located east of said intersection on Route 322. The intersection is in a country district. There was a filling station southeast of the intersection which was 166 feet south of Route 322. A person operating an automobile northerly on Route 119 could see along Route 322 for a distance of 166 feet east of the intersection after passing the filling station.

Plaintiff and his wife were traveling north in plaintiff's automobile on Route 119, returning to their home in Connecticut from a vacation trip. Defendant and his wife were traveling westerly in defendant's automobile on Route 322 and were returning from a vacation trip. The two automobiles collided at the intersection, the collision occurring on the easterly lane of traffic on Route 119 and on the northerly lane of traffic on Route 322. As a result of said collision, plaintiff's wife was immediately killed. Plaintiff, defendant and his wife, by reason of injuries received, have no recollection of the facts which surrounded the accident. Plaintiff's last recollection was when he passed the filling station.

Plaintiff, at the time of the accident, was traveling at the rate of 30 miles per hour; defendant, at the time of the accident, was traveling at the rate of 60 miles per hour, and these rates of speed were maintained by each automobile during the time that they could be seen. Defendant's car ran into the side of plaintiff's car, smashing it considerably and pushing it for a distance of twenty-five feet. Defendant's car was not stopped until it had run eighty feet.

Can the Court say, from the aforesaid facts, that plaintiff was negligent and that said negligence contributed to the ac-

cident? The law applicable thereto is the law of Pennsylvania. In Rhinehart v. Jordan, 313 Pa. 197, 169 A. 151, the facts and the opinion of the Court, written by Mr. Justice Drew, are clearly and succinctly set forth in the first three paragraphs of the syllabus, which reads as follows:

"1. Where the driver of an automobile, proceeding on a through highway and having the right of way, approaches an intersection at a speed of 20 to 25 miles an hour, looks to his right when 75 feet from the intersecting street, sees no vehicle approaching and does not look again to his right until he enters the intersection, when he sees the flare of lights approaching from his right, the question of his negligence is for the jury under all the circumstances, and it is error for the trial judge to charge that such conduct constitutes negligence as a matter of law.

"2. A driver having the right of way may take into consideration, as a factor upon which, with others, to base his conduct, the duty of other drivers to obey the law and the probability that they will do so.

"3. If there be doubt as to the inferences to be drawn from the facts, where the degree of care varies with the circumstances, the question of negligence is for the jury."

See Glennon v. Ostroff, 147 Pa.Super. 182, 24 A.2d 29.

In Grimes et al. v. Yellow Cab Co. et al, 344 Pa. 298, 25 A.2d 294, 296, there was a collision between motor vehicles at an intersection in which defendant's taxicab entered the intersection of a main highway 80 feet wide at a time when a fire patrol truck in plain view was proceeding along it less than 75 feet from the intersection. The taxicab proceeded 70 feet across the intersection and ran into the side of the truck. The Supreme Court, in speaking of the duty of drivers at intersections of streets, said: "It has been held repeatedly, that care at street crossings is the highest duty of a motorist. 'We have held over and over again that at street crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger. If they do not, and an accident results, they are liable in damages for its consequences'. Gilles v. Leas 282 Pa. 318, 320, 127 A. 774. As was said in Byrne v. Schultz, 306 Pa. 427, 433, 160 A. 125, 126: 'The law only makes obligatory the rule of common sense regarding the duty of a

driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street. This duty has not been relaxed by the introduction of traffic officers and signals, both of which are intended to facilitate traffic and render crossings less dangerous." The Court said, further, in regard to contributory negligence: "As to appellants Magan and the Fire Insurance Patrol, the court below thought there could be no recovery for the additional reason that Magan admitted he 'did not look to the side', as he approached the intersection, but was 'looking straight ahead.' We are unable to conclude that this is necessarily so. 'The test for contributory negligence is whether the act (alleged as) constituting the negligence contributed in any degree to the production of the injury.' "

In Maio Ex'rx v. Fahs et al. 339 Pa. 180, at page 186, 14 A.2d 105, at page 108, an intersection accident case, the Court said: "The right-of-way right of a vehicle on the 'through highway' is a qualified one, and if the driver fails to observe the ordinary precautions in regard to speed and control of his vehicle and keeping a lookout for cars approaching an intersection, he may be held to be negligent. Mathiasen v. Brennan, 318 Pa. 577, 179 A. 438; Stegner et al. v. Florini, 3 Cir., 103 F.2d 980. The question of negligence in the case of such a violation of the Motor Vehicle Code is for the jury. Rhinehart v. Jordan et al., 313 Pa. 197, 169 A. 151."

In Gruskin v. Stitt, 339 Pa. 137, 139, 140, 13 A.2d 412, 413, the Supreme Court stated: "Defendant contends that plaintiff's testimony convicts her of contributory negligence as a matter of law because it shows that, although she observed defendant's truck approaching before she entered the through highway, she failed in her duty to continue to look as she made the left turn. This contention must fail because it is based upon an inference unwarranted by the evidence. The mere fact that plaintiff was unable to recollect her actions as she advanced upon the crossing from the 'stop' sign would not justify a conclusion by the jury that she neglected to keep a watchful eye upon the oncoming vehicle. This is particularly true since the absence of such testimony on her part is attributable to the injury which she received in the accident."

In Rankin v. Boyle, 328 Pa. 284, 287, 195 A. 36, 37, the Supreme Court stated: "Having the right of way, she could assume that the driver of the oncoming automobile would approach at a moderate speed with his car under control. She was not required to anticipate and guard against the want of ordinary care on the part of such a driver."

See Renz v. Hazlett, 330 Pa. 306, 198 A. 675, wherein it was held that the doctrine of incontrovertible physical facts was not applicable and that the plaintiff's contributory negligence was a question for the jury.

■ Plaintiff had the right to assume that defendant would observe the law and perform his duty as a driver in driving to and across the intersection, where the accident happened. At the speed defendant was driving (60 miles per hour), within two seconds after he could have been seen by plaintiff the accident happened. Plaintiff, in the operation of his automobile at the rate of 30 miles per hour may have reached the point of the accident from the place where he could have first seen defendant's automobile without seeing it if he first looked to the right, then to the left and then back again. See Cunningham v. Spangler, 123 Pa.Super. 151, 157, 186 A. 173.

Under the facts as disclosed by the evidence offered by the plaintiff and the different inferences which can be reasonably drawn therefrom, the Court cannot say that such evidence clearly establishes that plaintiff was guilty of negligence and that said negligence contributed to the accident. The question, therefore, was one of fact for the jury and not one of law for the Court.

■ Defendant in its motion for a new trial contends that the verdicts are against the weight of the evidence. This contention cannot be sustained. The credibility of the witnesses was for the jury. The Court cannot say that the credible evidence showed that the weight of the evidence was against the verdict.

■ Defendant also contended in the action at No. 1971, where damages were sought by reason of the death of plaintiff's wife, that the damages were exces-

sive in the amount allowed of $10,000, and that therefore a new trial should be granted. No case has been brought to our attention where a new trial has been granted under damage facts similar to the present case. The plaintiff's wife was 56 years of age at the time of the accident; she was an educated woman; she had acted as secretary for at least two companies prior to her marriage; she assisted her husband with his duties as a salesman; she did the housework and she furnished companionship and society for the plaintiff. The funeral bill was $873.50. I am of the opinion that the verdict of the jury as to the amount of the damages should not be disturbed.