Ketzel *v.* Lazzini (et al., Appellant).

Argued November 8, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*Raymond P. Leemhuis,* with him *English, Quinn, Leemhuis & Plate,* for appellant.

*John B. Brooks,* with him *Brooks, Curtze & Silin,* for appellee.

Opinion by Dithrich, J., January 14, 1949:

In this action of trespass growing out of a collision between two automobiles at an intersection, the jury found for plaintiff against Tillie Lazzini and Edmund Dembrowski, jointly, the drivers of the automobiles. A voluntary nonsuit was taken as to the other defendant, Raymond Lazzini, husband of Tillie Lazzini. The court below granted a motion for judgment n. o. v. as against Dembrowski, and the remaining defendant has appealed from the judgment so entered.

Plaintiff was a passenger in the front seat of Dembrowski's car, which was proceeding south on Old French Road, a through highway in the City of Erie, at about 11 p. m. the night of October 11, 1946, during a heavy rain. The speed limit on that highway was 35 m.p.h. Appellant's contention is that there was evidence to support a finding by the jury that Dembrowski was exceeding this speed limit when he approached, and as he entered, the intersection of Old French Road and

38th Street, where the accident occurred, and that he forfeited his qualified right of way at that intersection by such excessive speed and by his failure to decrease his speed after observing the Lazzini car as it approached the intersection and passed a STOP sign without slowing down.

Appellant's car was proceeding west on 38th Street at about 30 to 35 m.p.h.; she admitted that she did not obey the stop sign at the intersection of Old French Road, did not see the Dembrowski car until just before she struck it, and that she was not then licensed to operate a motor vehicle. Her negligence is not therefore in issue, being admitted.

As stated in the opinion of the trial judge: "There was nothing from the speed or position of the Lazzini car that should have warned Dembrowski of danger. On the other hand, the defendant Lazzini was guilty of gross negligence, approaching wanton misconduct, from which damage to someone was almost a certainty. Apparently she was intent on doing something in which she had no skill or experience. She either did not know the law pertaining to right of way or totally ignored it. When confronted by an emergency of her own making she was unable to control her vehicle so as to avoid the collision."

The sole question is whether there was sufficient evidence to make out a case for the jury on the concurrent negligence of Dembrowski. He testified that as he approached the intersection he looked to the left and observed the Lazzini car about four or five lengths from the intersection and that he saw it proceed past the stop sign, which was set back 26 feet from the easterly line of Old French Road. He also stated that he was not going over 35 m.p.h. Ketzel, the plaintiff, testified that as the Dembrowski car approached the intersection he, too, looked to the left and observed that the Lazzini car was about 100 feet from the intersection—the same distance as the Dembrowski car. Dembrowski was travel-

ing about 40 m.p.h., according to Ketzel, and he did not slacken his speed as he approached the corner.

The Dembrowski car was struck in the middle of the left side; it was turned around by the impact, and ended up some 30 or 35 feet from the corner in a lot on the northeast corner of the intersection. Appellant argues that from the distance traversed by the Dembrowski car it must have been traveling at a speed greater than 35 m.p.h.

Appellant's argument as to the law rests on the absence of any cases in which a driver on a through highway has been exonerated as a matter of law "where so many circumstances suggest negligence." The absence of such cases is not, however, controlling, for since, as EVANS, P. J., stated in the opinion of the lower court, "There was nothing from the speed or position of the Lazzini car that should have warned Dembrowski of danger," it was proper to conclude as a matter of law that Dembrowski was not liable.

The driver on a through highway has the right to assume that persons approaching on intersecting streets will obey the stop signs and yield the right of way, as required by The Vehicle Code. *Rhinehart v. Jordan,* 313 Pa. 197, 199, 169 A. 151. While this assumption may not be indulged where the circumstances make it apparent that the signal will not be obeyed (*Mathiasen v. Brennan,* 318 Pa. 577, 179 A. 438; *Schall v. Penn Transit Co.,* 352 Pa. 129, 42 A. 2d 278), this case is not one where such circumstances appeared. The Lazzini car was not in such a position with relation to the intersection as to indicate that it would attempt to cross ahead of or at the same time as the Dembrowski car; both cars were approximately the same distance from the crossing, apparently being operated at the same speed. Under similar circumstances, in *Torrens v. Belfatto,* 116 Pa. Superior Ct. 339, 176 A. 533, the driver of the car on the through highway was entitled to assume that the other car would stop, as required by law.

This is not such a case as *Mathiasen v. Brennan,* supra, where the driver on the through highway observed the other car enter the intersection without stopping, yet continued without slackening his speed, when he might have averted the collision by slowing. Here, Dembrowski had the right to assume that the Lazzini car would stop at the intersection. Its failure to stop at the stop sign made no difference, since that sign was located 26 feet from the curb line of Old French Road, and the duty of the driver on the "stop" street is to stop at the intersection, not at the sign. Dembrowski's reliance on the apparent safety of an intersection with which he was thoroughly familiar was not, therefore, an arbitrary exercise of his right of way. His rate of speed was not substantially disputed. Plaintiff said that it was 40 m.p.h., but he testified later that both cars were the same distance from the point of collision when he first saw them, and the fact of the accident establishes that their speeds were substantially the same. Furthermore, even if Dembrowski were exceeding the speed limit, his speed would not amount to actionable negligence unless shown to be the proximate cause of the accident. *Mulheirn v. Brown,* 322 Pa. 171, 185 A. 304.

Judgment affirmed.