Vonelli, Appellant, *v.* Solack.

Argued September 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Alfred M. Nittle,* with him *Albert A. Prutzman,* for appellant.

*E. Walter Helm, 3rd,* with him *Raymond A. White, Jr.,* and *Ben Branch,* for appellee.

OPINION BY ARNOLD, J., January 12, 1951:

The plaintiff recovered a verdict for damage to his automobile resulting from a collision with defendant's truck at an intersection. The court below entered judgment non obstante veredicto for the defendant on the ground of plaintiff's contributory negligence.

The plaintiff was proceeding eastwardly on a two lane concrete highway in Normal Square, Pennsylvania, at about 5:00 p.m. on a clear, dry day. The speed limit on that highway was 50 miles per hour and plaintiff had been travelling at approximately 44 miles per hour. At about 200 feet from the intersection of that highway with a north-south macadam road, he took his foot off the accelerator, and proceeded into the intersection at a declining rate of speed of about 35 miles per hour. He saw the defendant approaching from his left 140 feet from the intersection; but the defendant decreased his speed to about one or two miles per hour until he reached the margin of the concrete highway (from which he had a clear view of three-quarters of a mile). The concrete highway was protected or guarded by a "stop sign," but the defendant, without stopping, increased his speed to about 10 miles per hour and drove into the path of the plaintiff's automobile. The plaintiff unsuccessfully attempted to avert the collision by applying his brakes and pulling to his right.

The court below, on the authority of such cases as *Schall v. Penn Transit Company,* 352 Pa. 129, 42 A. 2d 278, held that the plaintiff had disregarded the defendant's presence at the intersection to such a degree that his technical right of way did not protect him. With this we do not agree. The circumstances here, as established by the verdict, more nearly approach the facts in *Ketzel v. Lazzini et al.,* 163 Pa. Superior Ct. 513, 63 A. 2d 369.[1] In that case it was said: "The driver on a through highway has the right to assume that persons approaching on intersecting streets will obey the stop signs and yield the right of way, as required by The Vehicle Code. Rhinehart v. Jordan, 313 Pa. 197, 199, 169 A. 151. While this assumption may not be indulged where the circumstances make it apparent that the signal will not be obeyed . . . this case is not one where such circumstances appeared." See also *Sobieralski v. Schwotzer,* 152 Pa. Superior Ct. 661, 33 A. 2d 277, and *McCormick Transportation Co. v. Philadelphia Transportation Co.,* 161 Pa. Superior Ct. 533, 55 A. 2d 771.

In this case defendant's vehicle was not in such position as to indicate that he would attempt to cross ahead of, or simultaneously with, plaintiff's automobile. Having decreased his speed as he did until he reached the edge of the concrete, the plaintiff could reasonably assume that he was going to stop and yield the right of way. There was nothing to charge the plaintiff with notice that the defendant did not intend to comply with the law. Therefore, plaintiff did not arbitrarily exercise his right nor carelessly disregard defendant's presence, as in the *Schall* case, supra, nor

---

[1] In the *Ketzel* case, the driver on the side street had not decreased his speed. The plaintiff's case here is stronger in that he observed the defendant was decreasing his speed as he approached the intersection, presumably preparing to stop at the sign.

as in *Scull v. Epstein,* 167 Pa. Superior Ct. 575, 76 A. 2d 245. In the latter case the plaintiff entered the intersection *after* he saw that the defendant's automobile was entirely within it.

The plaintiff did everything that could be expected of a reasonable driver. On the other hand, the defendant disregarded the plaintiff's presence, his rights, and the stop sign; and his actions were the sole cause of the collision.

Judgment reversed with directions to the court below to enter judgment on the verdict.