# The Bell Telephone Company of Pennsylvania *v.* Cruice, Appellant.

Argued April 1, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

reargument refused August 15, 1955.

*Robert Cruice,* appellant, in propria persona.

*Joseph A. Keough,* for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

Plaintiff Bell Telephone Company sued defendant before a magistrate to recover $24.07 for telephone service and judgment was entered for plaintiff. Defendant appealed, and, after a trial before a judge without a jury, a verdict was again rendered for plaintiff. Upon defendant's failure to prosecute his motions for new trial and judgment n.o.v., judgment was entered on the verdict and defendant has appealed to this court.

The testimony disclosed that plaintiff installed a telephone in an apartment at 2125 Pine Street, Philadelphia, which was given the number Locust 7-5561, and was charged to defendant. A written application, signed by defendant, was made not to list the telephone number. Defendant stated that this application was blank when he signed it and now contends that it was intended for another phone number. A check signed by defendant, but dishonored, was produced showing the exact amount then due for the telephone in question. The check had originally been marked for defendant's business phone, but was changed to this number. The phone was admittedly not in defendant's property, but in the apartment of a Mrs. Rowan. This woman could not obtain a telephone because of a delinquent bill. Defendant admitted telling plaintiff's attorney that he knew Mrs. Rowan and authorized her to use his name to obtain a telephone with the understanding that she would pay the bill.

This evidence is sufficient to show that defendant authorized a telephone be ordered in his name and that he ratified this action by signing a non-list application and a check for a monthly bill. From these facts the deduction of his primary liability is clear. A finding for a party by a trial judge sitting without a jury

has the force and effect of a jury's verdict. *Beato v. DiPilato*, 175 Pa. Superior Ct. 602, 106 A. 2d 641. The granting of a new trial on the ground that the finding of a trial judge, sitting without a jury, was against the weight of the evidence is peculiarly for the court below, and the appellate court will not reverse unless there has been an abuse of discretion. *Allen v. Ins. Co. of North America*, 175 Pa. Superior Ct. 281, 104 A. 2d 191. In view of defendant's failure to prosecute his motion in the court below the refusal of a new trial was not an abuse of discretion. In addition, as we have indicated, the weight of the evidence clearly supports the finding of the trial judge and must result in defendant's liability.

Judgment affirmed.