Cericola et al. *v.* Redmon, Appellant.

Argued March 21, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*J. Webster Jones,* for appellant.

*Thomas R. White, Jr.,* for appellees.

OPINION BY WOODSIDE, J., July 17, 1956:

This is an appeal from the refusal of the Court below to grant motions for judgments n.o.v. and for new trials after verdicts for the plaintiffs in actions arising out of an automobile collision at a right angle city street intersection.

The facts viewed in the light most favorable to the plaintiffs, as we are here required to view them, are as follows:

On April 21, 1953, the plaintiff, Cericola, accompanied by his passenger Milano, the other plaintiff, was driving his automobile south on 25th Street in Philadelphia approaching Thompson Street. The defendant, Redmon, was driving his automobile east on Thompson Street, which is a one way street with a "Stop" sign requiring traffic to stop before entering Twenty-fifth Street. Twenty-fifth is a two way through street. As Cericola approached Thompson Street at a speed of 20 to 25 miles an hour driving far enough away from the west curb to avoid any cars stopped on that side of the street, he looked west for traffic approaching from Thompson Street. Although his view was partly obstructed by cars parked on the north side of Thompson Street, he could see 40 to 50 feet into that street. Seeing no vehicles approaching, he continued into the intersection. After entering the intersection he noticed defendant's automobile then only 4 or 5 feet from him approaching at about 30 or 35 miles per hour. Defendant's car struck the right rear of Cericola's car, when it was about 10 feet from the west curb line of Twenty-fifth Street extended and about the middle of the intersecting Thompson Street.

It is contended by the defendant Redmon that there is no evidence that he was negligent and that Cericola was guilty of contributory negligence because he did not see the Redmon car until it was four or five feet away from him.

From the testimony we think the jury could infer that Redmon did not stop before entering Twenty-fifth Street as he was required by law to do. The jury could well conclude that it would be impossible for him to have accelerated his speed to 30 miles per hour in the

short distance to the point of impact if he had stopped at the intersection as required by law.

Furthermore, Cericola also testified that the automobile that struck him "passed the stop sign". His testimony in this respect was somewhat contradictory to his testimony that he did not see the defendant's automobile until it was four or five feet from him. However, in an action of trespass, " 'if on one part of the plaintiff's testimony or that of a witness he is entitled to go to the jury and on another part he is not . . . it is for the jury to reconcile such conflicting statements and say which shall prevail.' " *Cardone v. Sheldon Hotel Corp.,* 160 Pa. Superior Ct. 193, 195, 50 A. 2d 700 (1947).

We think there was evidence from which the jury could find that Redmon was negligent. *Kline v. Kachmar,* 360 Pa. 396, 61 A. 2d 825 (1948).

The question of contributory negligence was also for the jury. The plaintiffs were on a through highway. The driver on a through highway has the right to assume that persons approaching on intersecting streets will obey a stop sign and yield the right of way as required by the Vehicle Code. *Ketzel v. Lazzini,* 163 Pa. Superior Ct. 513, 516, 63 A. 2d 369 (1949); *Rhinehart v. Jordan,* 313 Pa. 197, 199, 169 A. 151 (1933); *Vonelli v. Solack,* 168 Pa. Superior Ct. 140, 77 A. 2d 686 (1951).

One on a through street is under no obligation to look all the way down the "Stop" street to ascertain whether or not some motorist is coming at a reckless rate of speed that will carry him across the intersection in defiance of the "Stop" sign. *Kline v. Kachmar,* 360 Pa. 396, 400, 61 A. 2d 825 (1948).

Cericola had the right to assume that Redmon would not violate the law by driving into the intersection when Cericola had the right of way. Acting upon this assumption was not negligent. *Jordan v. Kennedy,*

180 Pa. Superior Ct. 593, 596, 119 A. 2d 679 (1956). "The assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's lawabidingness is misplaced." *Jones v. Williams,* 358 Pa. 559, 564, 58 A. 2d 57 (1948).

Traffic lights and "Stop" signs are installed to facilitate the flow of traffic. When one has the right of way by virtue of being on a through street or having a green light he must not be held to the exact degree of care that would have been required of him had there been no light or stop sign in his favor at the intersection. To hold otherwise would thwart the purpose of through highways and traffic lights to facilitate the flow of traffic. *McCormick Transportation Co. v. Philadelphia Transportation Co.,* 161 Pa. Superior Ct. 533, 539, 55 A. 2d 771 (1942).

Cericola did not have a legal right to go blindly into the intersection regardless of other vehicles that might have already been within it. But, this he did not do. As he approached the intersection he did look for traffic and saw nothing approaching. Under the circumstances of this case the question of contributory negligence was for the jury. See *Jordan v. Kennedy,* supra.

Judgments affirmed.