McCune, Appellant, *v.* Ellenberger.

Argued November 19, 1956. Before Hirt, Gunther, Wright, Woodside, and Carr, JJ. (Rhodes, P.J., and Ervin, J., absent).

Aaron Rosenzweig, with him Samuel M. Rosenzweig, for appellant.

Robert Palkovitz, for appellee.

OPINION BY WRIGHT, J., December 28, 1956:

Plaintiff instituted an action in trespass to recover property damage resulting from an automobile collision which occurred on October 22, 1948, about 5:30 p.m., at the intersection of Coursin Street and Shaw Avenue in the City of McKeesport. Following a non-jury trial the hearing judge rendered a decision in favor of plaintiff. The court en banc entered judgment n.o.v. for the defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff has appealed.

A finding by a trial judge sitting without a jury has the force and effect of a jury's verdict: Bell Telephone Co. v. Cruice, 178 Pa. Superior Ct. 308, 116 A. 2d 355. On appeal, therefore, the party favored by the finding is entitled to have the evidence viewed in the light most favorable to him, receiving the benefit of all favorable inferences and having all conflicts in testimony resolved in his favor: Merit Motors v. Bartholomew, 179 Pa. Superior Ct. 576, 118 A. 2d 277. Contributory negligence will be declared as a matter of law only where it is so clear that there is no room for

fair and reasonable disagreement as to its existence: *Claypool v. Schrecengost,* 181 Pa. Superior Ct. 1, 121 A. 2d 603. And see *Cooper v. Heintz Manufacturing Co.,* 385 Pa. 296, 122 A. 2d 699.

Coursin Street at the site of the collision is a two-way through street running north and south. Shaw Avenue is a two-way street running east and west, traffic on which is controlled by stop signs where it crosses Coursin Street. The weather was clear, the roadway dry, and there was no other traffic. Appellant was proceeding north on Coursin Street. When he reached Shaw Avenue, he stopped a few feet south of the south curb line and looked first to the left and then to the right. He testified that he was thoroughly familiar with the intersection, and considered it a "blind intersection", which was his reason for coming to a full stop. His view to the left was obstructed by a building and by a utility pole, so that he could not see further than 50 feet into Shaw Avenue. Observing nothing within that distance, appellant proceeded to enter the intersection in low gear, continuing to look. When he was ten feet in the intersection he first saw appellee's car approaching from the west about 15 feet away. The impact occurred as appellant's car reached the center of the intersection. The right front fender of appellee's car struck the left front fender of appellant's car. A police officer testified that appellee admitted he had not stopped at the stop sign.

The court en banc does not refer to any authorities in support of its conclusion. Counsel for appellee cites three cases which are entirely inapposite. In *Wolfe v. Pittsburgh,* 373 Pa. 626, 96 A. 2d 907, a patrol truck was driven through a red light in reckless disregard of transverse traffic. In *Dayen v. Penn Bus Co.,* 363 Pa. 176, 69 A. 2d 151, the original defendant's bus was

a city block away when the additional defendant's truck entered the intersection after stopping at the stop sign. In *Weigel v. Kravitz,* 178 Pa. Superior Ct. 275, 116 A. 2d 223, in which there were no traffic controls involved, plaintiff's driver heedlessly entered the intersection when he saw defendant's truck approaching at a distance of only twenty feet.

The factual situation in the case at bar is markedly similar to that in *Kline v. Kachmar,* 360 Pa. 396, 61 A. 2d 825. In that case the plaintiff was driving his automobile north on Green Street, a through highway in the City of Nanticoke. Green Street is crossed by College Street, traffic on which is controlled by stop signs. As plaintiff approached the intersection he looked "up and down" College Street, saw nothing, and proceeded to cross. When he had reached a point about one-third of the way through the intersection, he was struck by defendant's truck approaching from the west. The following excerpt from the opinion of Mr. Justice JONES is particularly applicable (citations omitted):

"As to the plaintiff, even though he did have the right-of-way, it was, of course, his duty to look both to his right and left for any approaching traffic on College Street before entering the intersection and to continue so to look while crossing the intersecting street . . . While it does not appear from the printed record that the plaintiff was specifically interrogated as to whether he had observed that duty, neither is there any evidence that he did not do what he should have done in the circumstances; and the burden of proving contributory negligence was upon the defendant. Nor does the fact that the plaintiff testified that he 'didn't see nothing' upon looking up and down College Street convict him conclusively either of not having looked or of not having seen what was visible. Even

if the truck at the time was somewhere on College Street to the west of Green, the plaintiff, being on a through highway with a "Stop" sign facing traffic on College Street, was under no obligation to look all the way down the street to ascertain whether or not some motorist was coming at a reckless rate of speed that would carry him across the intersection in defiance of the warning . . . The plaintiff was not required to anticipate and guard against a want of ordinary care on the part of the defendant . . . Under the evidence in the case, the trial judge could not properly have declared the plaintiff guilty of contributory negligence as a matter of law".

This court recently considered an almost identical factual situation in the case of *Cericola v. Redmon*, 182 Pa. Superior Ct. 19, 124 A. 2d 417. There the plaintiff was driving south on 25th Street in the City of Philadelphia approaching Thompson Street, traffic on which was controlled by a stop sign. As plaintiff approached the intersection, he looked west for traffic approaching on Thompson Street. Although his view was partly obstructed, he could see 40 to 50 feet into that street. Observing no vehicles approaching, he continued into the intersection. He first noticed defendant's automobile, coming from the west, when it was only 4 or 5 feet away. Speaking through Judge Woodside, we said (citations omitted):

"The question of contributory negligence was also for the jury. The plaintiffs were on a through highway. The driver on a through highway has the right to assume that persons approaching on intersecting streets will obey a stop sign and yield the right of way as required by the Vehicle Code . . . One on a through street is under no obligation to look all the way down the "Stop" street to ascertain whether or not some mo-

torist is coming at a reckless rate of speed that will carry him across the intersection in defiance of the 'Stop' sign. Cericola had the right to assume that Redmon would not violate the law by driving into the intersection when Cericola had the right of way. Acting upon this assumption was not negligent . . . 'The assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's lawabidingness is misplaced' Traffic lights and 'Stop' signs are installed to facilitate the flow of traffic. When one has the right of way by virtue of being on a through street or having a green light he must not be held to the exact degree of care that would have been required of him had there been no light or stop sign in his favor at the intersection. To hold otherwise would thwart the purpose of through highways and traffic lights to facilitate the flow of traffic . . . Cericola did not have a legal right to go blindly into the intersection regardless of other vehicles that might have already been within it. But, this he did not do. As he approached the intersection he did look for traffic and saw nothing approaching. Under the circumstances of this case the question of contributory negligence was for the jury".

Another closely similar factual situation was presented in the case of *Jordan v. Kennedy*, 180 Pa. Superior Ct. 593, 119 A. 2d 679. There the intersection was controlled by a traffic light. As plaintiff in the counterclaim approached the intersection the light was in his favor. He looked to his left and saw nothing approaching, although his view was partly obstructed. As the front of his automobile was entering the intersection he saw defendant's automobile, coming from his left, "maybe five feet away". We held that the ques-

tion of contributory negligence was for the jury. Other analogous cases are *Balzer v. Reith*, 161 Pa. Superior Ct. 187, 54 A. 2d 64; *Vonelli v. Solack*, 168 Pa. Superior Ct. 140, 77 A. 2d 686; *Martin v. Gall*, 370 Pa. 258, 87 A. 2d 925; *Hogg v. Muir*, 383 Pa. 413, 119 A. 2d 53.

Unless plaintiff's contributory negligence appears affirmatively in his case, he is entitled to go to the jury on this issue: *Turley v. Rothman*, 385 Pa. 27, 122 A. 2d 84. In an action of trespass, a verdict of the jury in favor of the plaintiff is a finding that the defendant was negligent and that the plaintiff was free from contributory negligence: *Weismiller v. Farrell*, 153 Pa. Superior Ct. 366, 34 A. 2d 45. See also *Valentine v. Philadelphia Transportation Co.*, 167 Pa. Superior Ct. 592, 76 A. 2d 471; *McCormick Transportation Co. v. Philadelphia Transportation Co.*, 161 Pa. Superior Ct. 533, 55 A. 2d 771. As previously indicated, the same effect must be accorded the finding of a trial judge sitting without a jury: *Bell Telephone Co. v. Cruice*, supra, 178 Pa. Superior Ct. 308, 116 A. 2d 355. We are all of the opinion that the original decision of Judge DUFF in the case at bar was correct, and that the court en banc erred in entering judgment n.o.v. It is entirely clear that appellant was not guilty of contributory negligence as a matter of law.

Judgment reversed with directions to the court below to enter judgment for the appellant.