Opinion by
Flood, J.,
This is an appeal from a judgment for the plaintiff, entered by the court below sitting without a jury and *446 affirmed by the court en banc, for property damage of |1294.36 sustained as a result of a collision Of automobiles owned and driven by the parties.
The evidence taken most favorably to the plaintiff, the verdict-winner, is that he was driving south on Me-. Clure Avenue, a two way street forty feet wide, and stopped in response to a stop sign at its intersection with Benton Avenue, a two way street fifty feet widé. He looked both to his right and left on Benton Avenue. Seeing no traffic coming from either direction, he proceeded into the intersection. He looked again to the right when about halfway across Benton Avenue and for the first time saw the defendant’s car approaching from his right at a distance of approximately ten feet. When his ear was three-fourths of the way through the intersection it was struck on the right side by the front of the defendant’s vehicle. He testified that he did not see the defendant’s oncoming automobile because he was unable to see more than thirty feet to the west due to a dip in the street at about that distance.
Since the collision occurred when the plaintiff was three-fourths of the way through the intersection, and the defendant admitted that he entered the intersection without looking to the right or left, the question of the defendant’s negligence was for the trier of the facts.' The defendant’s testimony that he had good side vision and saw right and left is merely one piece of evidence to be considered on the issue of his negligence.
The burden is on the defendant to prove that the plaintiff’s own negligence contributed to his injury. Stegmuller v. Davis, 408 Pa. 267, 182 A. 2d 745 (1962). His principal evidence of contributory negligence was his own testimony and the testimony of his son that there was no dip which could have prevented the plaintiff from seeing his automobile approaching on Benton Avenue when he stopped at the intersection. The defendant thus calls into question the reasonability of *447 the plaintiff’s explanation of why he failed to see the defendant’s oncoming vehicle, relying upon the principle that “the law will not permit a driver to. say that he looked when he had an unobstructed view without seeing what must have been within the range of his vision.” Nolan v. Webber, 189 Pa. Superior Ct. 68, 72, 149 A, 2d 184, 186 (1959). There was a clear conflict of testimony as'to the existence of a dip in Benton Avenue which could or did obstruct the plaintiff’s vision of the defendant’s car. Although on cross-examination • the plaintiff stated that he could see into the dip “from where my intersection approaches it . . . from that angle”, this does not necessarily nullify his statement ' that he did riot see the defendant’s car when he stopped at the intersection nor convict him of contributory negligence under his own testimony. There was no further elucidation of the situation in the plaintiff’s cross-examination. Consequently whether the dip ex-istéd and whether it prevented him from seeing the defendant’s car were questions of fact which the court found in the plaintiff’s favor. Under the testimony we cannot say as a matter of law that the defendant’s car was within the plaintiff’s range of vision when he stopped at the intersection. Nor was the plaintiff negligent as a matter of law in failing to look to the right while traversing the first half of the intersection, since his attention might properly have been directed to the left during this short time interval. Under all the circumstances, we cannot say that he was guilty of contributory negligence as a matter of law.
Judgment affirmed.