J-A07019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF JEFF S. HINE BY AND THROUGH HIS EXECUTRIX, JOLIE HINE AND JOLIE HINE, INDIVIDUALLY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | No. 1039 MDA 2017 |
| PENNSY SUPPLY, INC. AND MICHELLE D. DULAY | : : : | |

Appeal from the Order Entered June 2, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201406930

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED SEPTEMBER 07, 2018**

There is no dispute that Pennsy Supply ("Pennsy") had performed sidewalk construction on Coal Street at or near the intersection of North Empire Court, Wilkes-Barre, Luzerne County, PA, where the motor vehicle collision at issue occurred.

The summary judgment record was devoid of testimony or other evidence that Pennsy either removed a stop sign purportedly controlling traffic at the intersection or had a duty to erect or maintain such a stop sign during the relevant time period.  Without such evidence, an issue of material fact does not exist with respect to whether Pennsy breached a duty of care.

_____
* Former Justice specially assigned to the Superior Court.

Additionally, the Opinion of the learned Honorable William H. Amesbury found that even if a stop sign had been improperly removed from the intersection, Ms. Dulay's failure to obey the rules of the road requiring her to stop and yield the right of way to the Hines' vehicle stood as the sole proximate cause of her injuries.

For these reasons, I respectfully dissent.

When reviewing a trial court's grant of summary judgment, our standard and scope of review are as follows:

> Our scope of review is plenary, and our standard of review is the same as that applied by the trial court ... An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.

*Reinoso v. Heritage Warminster SPE, LLC*, 108 A.3d 80, 84 (Pa.Super. 2015) (*en banc* ).

Here, Ms. Dulay's civil claim is grounded in negligence. In any case alleging negligence, a claimant must establish the presence of a legal duty or obligation; a breach of that duty; a causal link between that breach and the injury alleged; and actual damage or loss suffered by the claimant as a consequence of thereof. *Davis v. Wright*, 156 A.3d 1261, 1271 (Pa.Super. 2017) (citation omitted).

Given the record as it existed before the trial court, there is no issue of material fact with respect to the element of breach of duty. Although there was testimony that a stop sign existed near the intersection in question prior to the Pennsy project, no witness testified the stop sign was present on the day when Pennsy arrived, and no witness expressed personal knowledge that Pennsy removed a stop sign from the location during the performance of its work.

Moreover, on the question of whether Pennsy breached a duty to erect a stop sign at the intersection when it completed its work, testimony taken during depositions established that the PennDot-approved road and sidewalk construction plans supplied by the City of Wilkes-Barre did not call for a stop sign at the location.

In this regard, the opinion of Judge Amesbury is compelling wherein he observes the evidence presented thus failed to create an issue of material fact requiring resolution by a jury:

> There is no evidence of record that Pennsy removed the stop sign, or that they deviated from the plans they were required to follow. Plaintiff has put forth a theory of circumstantial evidence and inferences that could be drawn therefrom, but careful analysis of that argument shows that it requires pure conjecture and speculation that a stop sign was present the day construction began and Pennsy removed it.

Trial Court Opinion, filed 6/5/17, at 3-4.

Additionally, the court determined Ms. Dulay's failure to yield the right of way to the Hines' vehicle pursuant to a governing provision of the Motor Vehicle Code likewise supported summary judgment:

As Dulay reached the then uncontrolled intersection, she turned left onto North Empire Court and collided with Jeff Hine. Dulay's actions were violative of 75 Pa.C.S.A. SS 3321(a):

When two vehicles approach or enter an intersection from different highways at approximately the same time, the vehicle on the left shall yield the right of way to the vehicle on the right.

Dulay admitted she did not stop at the curbed intersection and that she made a left-hand turn onto a roadway when it was not safe to do so. Clearly Dulay bears substantial if not sole responsibility for the accident.

Trial Court Opinion, at 1.

The record supports the court's conclusion: Ms. Dulay stated during depositions that she was familiar with the requirement to stop at intersections and to yield right-of-way to traffic already traveling on a road she was approaching. She admitted she did not stop at the intersection in question.

In this regard, Appellees persuasively argue that the deposition of Detective Harding, who testified that the former stop sign was located 10 to 15 feet from the intersection, places this case squarely under decisional law recognizing the right of a driver possessing a right of way to assume an approaching driver will stop at the intersection even after disregarding a posted stop sign set back a good distance from the intersection. **See Ketzel v. Lazzini**, 63 A.2d 369 (Pa.Super. 1949) (holding "duty on driver on the

'stop' street is to stop at the intersection, not at the sign [posted 26 feet from intersection].").

Regardless of the absence of a former stop sign set back from the intersection, therefore, Ms. Dulay had the legal obligation to stop at the intersection and yield the right of way to the Hines' vehicle.

Accordingly, I must dissent from the learned majority's opinion reversing the order granting summary judgment in favor of Defendant/Appellee Pennsy Supply.