Valentine, Appellant, *v.* Philadelphia Transportation Company.

Argued March 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Isadore H. Bellis,* with him *Robert M. Bernstein,* for appellant.

*H. Rook Goshorn,* with him *Jay B. Leopold,* for appellee.

OPINION BY ROSS, J., November 14, 1950:

This is an action in trespass to recover damages for personal injuries sustained by the plaintiff when he was struck by defendant's trackless trolley (or bus) at the intersection of 16th Street and Ridge Avenue in the city of Philadelphia. The jury returned a verdict in favor of the plaintiff in the amount of $900, defendant's motion for judgment n.o.v. was granted by the court below on the ground that the plaintiff was contributorily negligent, and plaintiff took this appeal.

The verdict for the plaintiff is a finding that he was free from contributory negligence. *Kulka v. Nemirovsky,* 314 Pa. 134, 170 A. 261; *Olson v. Swain,* 163 Pa. Superior Ct. 101, 60 A. 2d 548. The question of his contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt. If there is doubt as to either, the case is for the jury. *Chidester v. City of Pittsburgh,* 354 Pa. 417, 47 A. 2d 130; *Coolbroth v. Penna. R.R. Co.,* 209 Pa. 433, 58 A. 808. He cannot be held contributorily negligent as a matter of law unless the evidence of it is clear and unmistakable. *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285, 194 A. 194; *Schildnecht v. Follmer*

*Trucking Co.,* 330 Pa. 550, 199 A. 220; *Vunak v. Walters,* 157 Pa. Superior Ct. 660, 43 A. 2d 536.

The plaintiff, all conflicts having been resolved in his favor, is entitled to have the evidence supporting his verdict considered and all the rest rejected. *Sorrentino v. Graziano,* 341 Pa. 113, 17 A. 2d 373; *Pinto v. Bell Fruit Co., Inc.,* 148 Pa. Superior Ct. 132, 24 A. 2d 768. Reviewing the evidence in the light most favorable to him and giving him the benefit of every doubtful or obscure fact and the reasonable inferences that a jury might deduce therefrom, as we are required to do (*McCreery v. Westmoreland Farm Bureau Co-operative Assn.,* 357 Pa. 567, 55 A. 2d 399) the following facts are established by the verdict:

The intersection of Ridge Avenue, which runs approximately east and west, and 16th Street, running generally north and south, is controlled by traffic lights. A taproom is located at the northeast corner of the intersection and a drug store at the southeast corner. The accident occurred during the morning of October 9, 1944, a clear day, as plaintiff was crossing Ridge Avenue from north to south on the east footwalk of 16th Street. Before leaving the north curb of Ridge Avenue, he looked east and saw defendant's trackless trolley about 110 feet away from the intersection, and approaching it. The signal light then being in favor of traffic on 16th Street, the plaintiff, without again looking in the direction of the trolley but watching the light which continued green, proceeded to walk across the intersection, passing in front of an automobile travelling west on Ridge Avenue, which had been stopped for the red light governing traffic travelling east and west on Ridge Avenue. The defendant's trolley swerved around this automobile, ran into the intersection, and struck the plaintiff when he was approximately in the center of the street.

The plaintiff testified: "I was walking down Ridge Avenue and as I got to 16th Street and Ridge Avenue I looked up and I saw the light green and I walked by a car, and as I walked by the car I walked . . . about five or six steps, in the middle of the street and the bus hit me, and that is all I remember. Q. Now when you left the curb . . . did you look anywhere? A. I looked at the light. .... Q. What was the color of the light? A. Green. . . . Q. Did you look anywhere else? A. No, not after I left the curb, I didn't. Q. Well, before you left the curb? A. Before I left the curb I looked up the street. ; . . I saw the bus coming. Q. About how far away from you was it? A. About 110 feet. Q. Did you look again for the bus after you left the curb? A. No. I was watching the light. . . . Q. Tell us just about where on the north side of Ridge Avenue you were crossing. A. Well, I was crossing where the taproom is, going with the light, over to the drug store. Q. Were you right opposite the light on the drug store side of the street? A. Yes, I was, . . . *out across that walkway. Other people were walking across* . . . Q. . . . were you crossing from the part of the taproom that is closest to the corner or closest to downtown? A. *Closest to the corner.*" (Italics supplied.) From this testimony the jury could—and apparently did—find that the plaintiff, with the traffic light in his favor, attempted to cross Ridge Avenue at the pedestrian crosswalk and was struck by the defendant's trolley, which was operated into the crosswalk in disregard of the fact that the traffic light was against it.

The plaintiff's failure to observe the defendant's trolley after he left the curb does not convict him of negligence as a matter of law. The Supreme Court, in *Cinquina v. P.T.C.*, 362 Pa. 546, 551, 67 A. 2d 109, stated: "In Newman v. Protective M. S. Co., 298 Pa. 509, 148 A. 711, we held that plaintiffs cannot be legally convicted of being contributorily negligent because, af-

ter they embarked on the crossing, they did not look in the direction from which the truck was approaching. There it was said, (p. 513) : '. . . the traffic light was in favor. of the pedestrians while they were crossing Pine Street, and against the truck driver during all the time that he proceeded in their direction, from the moment he reached the house line on the east side of Broad Street more than 100 feet away from them. The language used in *Gilles v. Leas*, 282 Pa. 318, at page 322, is most appropriate here, "He [the pedestrian] had an undoubted right to leave his place on the sidewalk when nothing appeared before him, and the traffic signal was not turned against him. His position became perilous only through the unlawful act of the defendant." ' " *Rucheski v. Wisswesser*, 355 Pa. 400, 50 A. 2d 291, relied upon by the defendant, is not applicable to the facts in this case. In that case, where recovery was denied to a pedestrian struck by an oncoming car after he entered the street, having looked for traffic before entering the street but not thereafter, the pedestrian was crossing the street at a point 62 feet distant from the intersection.

The jury's verdict is a finding that the operator of defendant's trolley was negligent (*Weismiller v. Farrell*, 153 Pa. Superior Ct. 366, 34 A. 2d 45; *Balzer v. Reith*, 161 Pa. Superior Ct. 187, 54 A. 2d 64) and it is not contended otherwise. Consequently, the following citation from *Shields v. P.R.T.*, 261 Pa. 422, 425, 104 A. 665, is applicable to the facts of this case: "The general rule . . . is that while a person has no right to put himself in a position of danger and rely entirely on the assumption that another who controls the source of such danger will see that he is protected, yet everyone who exercises due care, according to the circumstances, has an abstract right to rely on the assumption that others will do likewise and use ordinary care to protect him and his property from injury: Young v.

Phila. Rapid Transit Co., 248 Pa. 174; Wagner v. Phila. Rapid Transit Co., 252 Pa. 354; consequently, mere failure to anticipate negligence by another, resulting in injury, cannot be said to be negligence and will not defeat an action for injuries sustained." Cf. *Handfinger v. Barnwell Bros., Inc.*, 325 Pa. 319, 189 A. 312; *Murphy v. Bernheim & Sons, Inc.*, 327 Pa. 285, 194 A. 194, supra.

Although the defendant concedes that the testimony of the plaintiff quoted earlier in this opinion would support the jury's verdict, it contends that this testimony was later repudiated by the plaintiff. After he had given the quoted testimony, the plaintiff was shown a plan of the intersection and asked to designate the point from which he left the north curb of Ridge Avenue and started across the street. There is much dispute as to the location of the point designated. The record is certainly not clear and both at the argument before us and in memoranda submitted to us after the argument, opposing counsel disagree as to the location of the designated point. Defendant contends that the plaintiff designated a point not at the crosswalk but some 26 feet east of it—in other words, that the plaintiff attempted to cross Ridge Avenue between intersections, and that since this was the plaintiff's last testimony, he is bound by it under the authority of *Black v. P. R. T.*, 239 Pa. 463, 86 A. 1066.

Assuming, arguendo, that the plaintiff, when shown the plan of the intersection, did designate a point 26 feet east of the intersection, and that such designation is inconsistent with his previous testimony, the case is clearly distinguishable from the *Black* case. In that case, the Supreme Court stated, at page 466: "In his examination, the plaintiff's statements of the occurrence were contradictory. On some of them he was entitled to go to the jury and on some he was not and the net result of his testimony was in doubt. If his exam-

ination had rested here, it would have been for the jury to have reconciled the conflicting statements: Ely v. Railway Co., 158 Pa. 233; Cronmuller v. Evening Telegraph, 232 Pa. 14. But it did not rest here. The plaintiff's attention was called to the contradictions in his testimony and the irreconcilable statements he had made were pointed out to him and he was asked which of them were correct. His final statement of the fact is that by which his case must be judged and as it showed contributory negligence, a nonsuit was properly entered." Here not only was the plaintiff's attention *not* called to any contradictions or inconsistencies in his testimony but the conflict, if any, was between *positive verbal* testimony and a point designated on a plan by a witness who testified that "I can't see so good", and in these circumstances the conflict was for the jury. *Gerber v. Jones,* 151 Pa. Superior Ct. 489, 30 A. 2d 534; *Garvin v. Pittsburgh,* 161 Pa. Superior Ct. 140, 53 A. 2d 906.

The judgment is reversed, and it is directed that judgment be entered by the court below on the verdict.