Menzel *v.* Lamproplos, Appellant.

330

Argued November 24, 1950. Before Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ. (Rhodes, P. J., absent).

*Milton W. Lamproplos*, with him *George W. Lamproplos* and *Cassidy & Lamproplos*, for appellant.

*Carroll Caruthers*, with him *Francis S. McQuilkin*, for appellee.

Opinion by Gunther, J., January 12, 1951:

Lawrence M. Menzel instituted this action in trespass for damage to his automobile resulting when a massive accumulation of ice fell from the second floor rainspouting of the premises of William Lamproplos, appellant. A jury returned a verdict for appellee in the sum of $200.00. After dismissal of appellant's motion for judgment n.o.v., he has appealed complaining that there was insufficient evidence (1) to charge him with negligence; and (2) to support a finding that the accumulation of ice existed for a sufficient length of time to charge appellant with notice of the existence of a dangerous condition.

Where, as here, appellee has a jury verdict in his favor, he is entitled on appeal to have the court consider only the evidence which supports his verdict and to give to him the benefit of every inference of fact reasonably deducible from the evidence and reject all other evidence. *Valentine v. Philadelphia Transportation Company*, 167 Pa. Superior Ct. 592, 594, 76 A. 2d 471. So considered, the evidence establishes that about noontime on March 13, 1947, appellant was the owner of a business property, the rear of which abutted on the southerly side of a public alley in the Borough of Latrobe. The building in the rear was three stories high, and as appellee was driving his sedan car in an easterly direction through the alley he observed a massive accumulation of ice at the eastern end of the appellant's building extending along the rainspouting from the roof of the building for a distance of twelve to fifteen feet. A truck was parked on the opposite side of the alley which compelled appellee to drive his car "pretty close" to appellant's building, and as he did so this massive accumulation of ice broke loose and struck the steel top of his car. As a result, the steel turret top was caved in to the depth of ten to twelve inches extending from the windshield to the rear glass; the roof of the car as caved in touched appellee's hat. Appellee was unable to testify directly how big the ice accumulation was or what it weighed, other than to say it extended about twelve to fifteen feet from the roof of the building; that examination of the ice subsequently indicated that it was scattered all over the alley. The weather reports from February 20 to March 13, 1947, were admitted into evidence. These records indicate that from February 20 to March 3, 1947, there had been a number of fairly heavy snowfalls with the temperature ranging from 12 to 35 degrees; that from March 4 to March 11, 1947, there were

thawing temperatures for about six hours each day and no appreciable snowfall; there were thawing temperatures from 9 a.m. on March 12 to the following midnight; on the morning of March 13, 1947, the day of the accident, there were freezing or near freezing temperatures from 2 a.m. to 7 a.m. and from about 8 a.m. to the time of the accident there was a period of thawing temperature.

Appellant's complaint is that on the basis of the above recited evidence and in the absence of any direct testimony relating to the weight of the ice, it was error to permit the jury to infer from the circumstances that the accumulation of ice was of sufficient size to constitute a real and obvious danger; that the evidence was insufficient to warrant a finding by a jury that the accumulation existed for a sufficient length of time to charge appellant with constructive notice of its presence.

Whether the accumulation of ice constituted a real and obvious danger to users of the thoroughfare was properly a question for the jury. It is true that a possessor of land is not under an absolute duty to keep his building free from ice and snow at all times. *Hutchison v. Montgomery Ward & Co.*, 364 Pa. 126, 130, 70 A. 2d 838. To show a breach of duty by a possessor of land to a person outside the land who is injured by an artificial condition thereon, it must not only appear that the condition existed for so long a time as to visit the possessor with knowledge of it, but also that the danger was sufficiently obvious that he should have realized that someone might be injured because of it. Cf. *Restatement, Torts,* Section 364. The court below, in dismissing appellant's motion for judgment n.o.v., aptly observed: "An accumulation of ice when it falls a distance of perhaps twenty-five to thirty feet sufficient to cave in the steel top of a modern

automobile to the point that it touches the hat of the driver is certainly a real and obvious danger. Modern automobile manufacturers stress the strength of the body and turrets of their cars, and they frequently show them turned upside down bearing the entire weight of the automobile, and with little or no damage to the top". Some idea of the accumulation and the distance from which it came may be derived from the fact that the steel turret car top was caved in ten or twelve inches. Such extensive damage does not result from "perhaps a bushel in quantity" as was the situation in *Hutchison v. Montgomery Ward & Co.,* supra; nor could it be the common type of ordinary icicle which might form in a matter of a few hours.

A jury was certainly warranted in inferring that the apparent violence of the impact was indicative of the size and weight of the accumulation; that such accumulation was not, in this climate especially, something that was created in an hour or two, but was created over a period of days of intermittent thawing and freezing. The mere fact that ice or snow falls from a roof onto a public thoroughfare is not of itself sufficient proof of negligence upon which to predicate liability. Yet where, as here, the evidence clearly warrants a finding that the accumulation was massive, a jury's finding that it created a real and obvious danger will not be disturbed.

Appellant's final complaint that the evidence is insufficient to support a finding that the accumulation of ice had existed for such a length of time as to visit him with constructive notice was, on the evidence disclosed by this record, properly for the jury. Appellant testified that he lived about 100 feet away from the building; that he had been "around the building" on the day in question and for a week or ten days before. Although appellant testified he saw no accumulation, it

334

is implied by the verdict that appellant should have seen that which was observable by a reasonably careful examination. The jury could well have concluded (and such a finding is implied in the verdict) that snow and ice accumulated on the roof of appellant's building during the period of constantly freezing weather between February 20 and March 3; that during the period from March 4 to March 13 when there were intermittent periods of freezing and thawing averaging eighteen hours of freezing weather and six hours of thawing weather, the rainspout was either clogged or so frozen that snow water ran over the rainspouting creating and accumulating the mass of ice which eventually struck and damaged appellee's car; that since appellant lived close by and made periodic visits to his premises, he either knew or should have known of the presence of the ice, and that its location was such as to present a real and obvious risk of harm to users of the thoroughfare.

Judgment affirmed.