## Vasser, Appellant, *v.* Carlini.

Argued November 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Marvin J. Apple,* with him *Meyer W. Gordon,* for appellants.

*William F. Cercone,* for appellee.

OPINION BY WOODSIDE, J., January 17, 1956:

This is an appeal from the order of the Court of Common Pleas of Allegheny County entering judgment non obstante veredicto for the defendants after verdicts for the plaintiffs in a trespass action growing out of an injury received by the wife-plaintiff on an icy pavement.

The wife-plaintiff was walking down a hill during late afternoon of January 13, 1948 on the sidewalk in front of defendant Vincenzo Carlini's property at 4011 Vinceton St., Pittsburgh, when she slipped on ridges of ice and was seriously injured.

The jury brought in a verdict of $1500 in her favor and $500 in her husband's favor against the defendants, Carlini and the City of Pittsburgh, and a verdict over in favor of the City and against Carlini in the sum of $2000.

Upon motions for new trial and judgment n.o.v. the lower court refused the motions for a new trial but entered judgment n.o.v. on the ground that "the plaintiff failed to prove constructive notice by testimony that was adequate." There is thus a very narrow question before us. Was there any evidence to support a finding that the defendants had constructive notice of the dangerous condition?

There is no absolute duty on the part of an owner to keep his sidewalks free from snow and ice at all

times but there is a duty to remove the accumulation within a reasonable time after notice that a dangerous condition exists. *Milburn v. Knights of Columbus Home Assn.,* 167 Pa. Superior Ct. 509, 511, 76 A. 2d 466 (1950). If the dangerous condition is of such long duration as to be generally observable, the city and property owner are chargeable with constructive notice. *McLaughlin v. City of Corry,* 77 Pa. 109 (1874). The burden is upon the plaintiffs to show either actual notice or circumstances from which the owner and city can reasonably be charged with constructive notice of its presence. What will amount to constructive notice of a dangerous condition existing upon defendant's premises necessarily varies under the circumstances of each case. *Bremer v. W. W. Smith, Inc.,* 126 Pa. Superior Ct. 408, 411, 191 A. 395 (1937).

In *Jeske v. City of Pittsburgh,* 110 Pa. Superior Ct. 274, 277, 168 A. 323 (1933), this court held that the evidence was sufficient to establish constructive notice to the city of a defective platform where the only evidence that the condition existed prior to the injury was the testimony of the plaintiff's son who stated that he observed the condition a week before the injury. The court there pointed out that the trial judge could not disregard this testimony merely because it was not corroborated.

In *Zieg v. Pittsburgh,* 348 Pa. 155, 158, 34 A. 2d 511 (1943) the court stated: "There is ample evidence that the accumulation of ice had existed for several weeks prior to the day of the accident; that this condition existed every winter for the past fifteen years; and that appellant had done nothing to remedy the dangerous condition or to remove its cause."

In *Ward v. Pittsburgh,* 353 Pa. 156, 159, 44 A. 2d 553 (1948) the Supreme Court criticized the trial court for not permitting the plaintiff to prove that over a

long period of time he had seen ice upon this particular spot whenever the temperature was sufficiently low for ice to form.

The evidence of constructive notice to the defendants of the dangerous condition which caused the injury in the instant case was sufficient to go to the jury and the court should, therefore, have refused the motion for judgment n.o.v.

The plaintiffs' witness testified that the condition of ice and ridges existed there "as soon as it got cold and frozen. It stayed that way until it got thawed again."

He also testified as follows: "Q. Do you know how long immediately before January 13, 1948, that condition existed? A. No, I can't. I don't know how soon it got cold before that time. Q. Did you see that ice at any time that year before January 13, 1948? A. Yes, I saw it. Q. How many days before January 13, 1948, did you see that ice there? A. I wouldn't know exactly. Q. Will you approximate? A. Well, say two weeks, three weeks."

The lower court in its opinion stated that this evidence was "dismally inadequate to establish by the preponderance of the evidence, that the defendant-owner had constructive notice of any dangerous condition on the sidewalk for which he could be held responsible."

The lower court points out that the plaintiff had only one witness (see *Jeske v. City of Pittsburgh,* supra) and that this witness testified he never walked on the side of the street where the plaintiff fell. Whether he could observe the condition of the sidewalk across a relatively narrow street was a question for the jury, not the court.

There was evidence from the same witness that every winter for twenty-five years water coming from

a hole in a retaining wall would flow over the sidewalk at the point where wife plaintiff fell and that whenever it was cold enough to freeze there would be ice accumulating at the spot. The lower court refused to consider this testimony because it contended this was evidence of a nuisance and only negligence was pleaded.

Although we question the soundness of the lower court's position on this point we see no reason to lengthen this opinion by discussing it. It seems clear to us that the testimony quoted above was sufficient, if believed by the jury, to support a finding that there was a dangerous condition existing long enough to give constructive notice to the non-resident owner of the premises and to the city.

On a motion for judgment n.o.v. the testimony must be viewed in the light most favorable to the one who has had the verdict and every reasonable inference of fact arising therefrom and any conflict of evidence must be resolved in his favor. *Menzel v. Lamproplos,* 168 Pa. Superior Ct. 329, 77 A. 2d 645 (1951).

If the facts of the case viewed in this light are sufficient in law to sustain a verdict, judgment n.o.v. will not be entered regardless of the court's conclusion concerning the credibility of witnesses. *Hindes v. Pittsburgh,* 155 Pa. Superior Ct. 314, 38 A. 2d 420 (1944).

Judgment reversed and here entered on the verdict.