## Starr v. Philadelphia Transportation Co.

*C. Norwood Wherry* and *Albert E. Holl, Jr.*, for plaintiff.

*J. Allen Hodge*, for defendant.

SWENEY, P. J., April 20, 1959.—Plaintiff brought this action in trespass to recover for injuries sustained by her when she fell on an icy pavement. The jury returned a verdict in plaintiff's favor in the sum of $2000. Defendant's request for binding instructions in its favor was refused by the trial judge. The matter is now before the court en banc upon defendant's motion for judgment non obstante veredicto upon the whole record.

Plaintiff is a school teacher, and was 64 years of age at the time of this occurrence. A review of the testimony in a light most favorable to plaintiff discloses that on January 26, 1956, at about 8:20 in the morning, she was walking on the north sidewalk of West Chester Pike, in the vicinity of the 69th Street Terminal Building in the Township of Upper Darby. There had been a heavy fall of snow about a week before this particular date, and there had been successive freezings and thawings. On this particular sidewalk for several days there had been ice that had been formed with ridges in it by the feet of passersby, who left their foot imprints when the ice was soft, and those imprints remained when the ice hardened. Plaintiff had passed over this particular place every morning for the preceding three or four days and was fully aware of the condition, and on this particular morning was carefully proceeding so that she would not fall.

Plaintiff testified that it was broad daylight and that the only person that she knows of who passed was a young man who passed after she had fallen, who apparently had come up from behind her and went on by, that her foot, her heel, struck one of the rises in the ice and that in so doing she tripped, lost her balance and fell in such a position that her legs flew out in front of her and that in order to catch herself in a semi-reclining position, the weight of her body

fell on her hands and injured her hands and her wrist, that she injured the base of her spine, and because of the jar she received she had injuries between her shoulder blades and to her spine.

Defendant presents two arguments for the court's consideration: (1) Was defendant negligent; and (2) was the conduct of plaintiff such as to charge her with contributory negligence.

There is sufficient testimony from which a jury could conclude that the sidewalk upon which plaintiff walked was in a dangerous condition, and had been so for such a long duration as to be generally observable by those charged with keeping it in safe condition, and to charge the property owner with constructive notice of the hazardous condition: Vasser v. Carlini, 180 Pa. Superior Ct. 271, 274. The jury's finding in plaintiff's favor reflects a conclusion that defendant was negligent, and a review of the record presents no reason for disturbing that conclusion.

The question of whether plaintiff was guilty of contributory negligence is the more serious issue in this case.

The testimony shows that the south sidewalk of West Chester Pike was completely clear of snow and ice on the morning of plaintiff's fall and that she could have proceeded to the 69th Street Terminal by the use of the south sidewalk, and by so doing, completely avoid the icy path she chose to travel. Defendant argues that since plaintiff had a choice of two ways, one perfectly safe and the other dangerous, her choice of the dangerous way made her contributorily negligent, and she cannot recover for her injuries. Plaintiff answers that she had used the north sidewalk route for approximately 35 years, that it was a short route, that she would have two or three extra street crossings if she walked along the south sidewalk, that then she would be in danger while crossing the bus loading

platform area since traffic is not controlled there by lights and that she had safely traversed the northern route on prior days that week.

The trial judge in his charge gave the jury clear instructions on the law applicable to the facts before them and submitted for their consideration whether plaintiffs' choice of ways made her contributorily negligent. This issue was resolved in plaintiff's favor.

The case of Morris v. Atlantic and Pacific Tea Company, 384 Pa. 464 (1956), while differing slightly in the factual situation, deals with the two issues raised by defendant in this motion and supports the action of the trial judge in leaving the questions of defendant's negligence and plaintiff's contributory negligence to the jury. Therein the court cites, on page 469, the case of Holbert v. Philadelphia, 221 Pa. 266, as follows:

" 'Whether the plaintiff exercised proper care in passing along the sidewalk, and whether she fell from any want of care on her part, were for the jury. It has been argued that as she approached the bridge she saw ice on the pavement, both in and outside the tunnel, and that, therefore, it was negligence for her to attempt to pass through the tunnel. There was nothing there to admonish her that by the exercise of care she could not pass with safety through the tunnel. She had done so on a previous occasion when the same or similar conditions existed. The danger was not immediate or imminent. The sidewalk was in constant use by the people of that vicinity . . . Nor was the plaintiff to be driven from the street or prevented the use of the sidewalk by the fact that she, like many others in that community, knew of the icy condition of the walk.' "

Also cited in the Morris case, supra, is the following statement found in Sculley v. Philadelphia, 381 Pa. 1, 12: " '. . . if the alternative route has dangers of its own and the dangers of the route actually taken are

not so great and obvious as to deter ordinarily prudent and careful people from using it, the question of contributory negligence is for the jury.' "

Under the circumstances of the instant case, the issues to be resolved were clearly for a jury, and a verdict having been rendered in plaintiff's favor, it should not be disturbed.

### Order

And now, April 20, 1959, defendant's motion for judgment in its favor non obstante veredicto upon the whole record is dismissed; judgment is hereby entered in favor of plaintiff, Esther R. Starr, and against defendant, Philadelphia Transportation Company; an exception is noted for defendant.

### Final Judgment

Judgment is entered in the sum of $2,000 on the verdict in favor of plaintiff and against defendant; an exception is noted for defendant.