**Anna Belle HICKS, Administratrix of the Estate of Henry Albert Hicks, Deceased,**

v.

**UNGER MOTOR COMPANY et al.**

**Civ. A. No. 69–270.**

United States District Court,
E. D. Pennsylvania.

Sept. 24, 1971.

Benjamin Kuby, Philadelphia, Pa., for plaintiff.

George J. Lavin, Jr., Philadelphia, Pa., for Unger and Hafer.

Harold B. Marcus, Philadelphia, Pa., for Roll Form.

Earl T. Britt, Philadelphia, Pa., for Gary Anderson.

Daniel J. Ryan, Philadelphia, Pa., for Liedtka Trucking, Inc.

John J. O'Brien, Jr., Philadelphia, Pa., for Prior Coated Metals Co.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

This present action arises out of a collision occurring September 11, 1967, between a tractor trailer operated by plaintiff's decedent and another vehicle operated by Leon Hafer and owned by Hafer's employer, Unger Motor Company (Unger).

As a result of this collision, decedent was crushed in the cab of the tractor by steel coils which were being carried on the attached flat-bed trailer.

Plaintiff, Anna Belle Hicks, as administratrix of the estate of Henry Albert Hicks, deceased, instituted the present suit on February 6, 1969, against Hafer and Unger to recover damages resulting from the death of the decedent.

On March 13, 1969, P. Liedtka Trucking, Inc. (Liedtka), lessee of the tractor trailer from Philip Liedtka, the owner of the tractor trailer which was operated by decedent, instituted a suit for property damage in the Court of Common Pleas of Chester County against defendants Hafer and Unger. On April 25, 1969, defendants Hafer and Unger joined Gary Anderson (Anderson) as an additional defendant in the Chester County action alleging Anderson's vehicle caused Hafer's vehicle to swerve, thereby causing the collision with decedent's vehicle. The Chester County action resolved itself when, on November 19, 1970, a jury returned verdicts in favor of both Liedtka and Anderson.

Meanwhile, in August, 1969, original defendants Hafer and Unger filed third party complaints in the present federal action, joining 1. Roll Form Product Company (Roll Form), decedent's employer and lessee of the tractor trailer from Liedtka 2. Anderson 3. P. Liedtka Trucking, Inc. and Philip Liedtka, individually.

Subsequently, in February, 1970, Roll Form was granted leave to join Prior

Coated Metals Company (Metals), at whose site and with whose equipment the steel coils were loaded onto the tractor trailer.

Presently, before the Court are motions for summary judgment by P. Liedtka Trucking, Inc. and Philip Liedtka, Roll Form, Anderson, and Metals. Briefs were submitted and oral argument was held.

■ Anderson and Liedtka predicate their motions on the doctrine of collateral estoppel by judgment. The principle can be stated as follows:

"Where there is a second action between parties or their privies, who are bound by a judgment rendered in a prior suit, but the second action involves a different claim, cause, or demand, the judgment in the first suit operates as a collateral estoppel as to, but only as to, those matters or points which were in issue or controverted and upon the determination of which the initial judgment necessarily depended." 1(b) J. Moore, Federal Practice § 0.441[2], at page 3777.

When the Chester County jury returned a verdict in favor of Liedtka and Anderson, they concluded any issue of their negligence with regard to the collision at issue. Under Pennsylvania law, the jury's verdict for a plaintiff in an action based on negligence is a finding that the defendant was negligent and the plaintiff was free from contributory negligence. McCune v. Ellenberger, 1957, 182 Pa.Super. 442, 127 A.2d 791; Valentine v. Philadelphia Transportation Company, 1950, 167 Pa.Super. 592, 76 A.2d 471.

Defendants have had their day in court and should not be allowed to relitigate the same issue in federal court. "The theory underlying the doctrine of collateral estoppel is that, as between the same parties and their privies, an issue need and should be judicially determined only once." 1(b) J. Moore, Federal Practice § 0.443[1] at page 3901.

Accordingly, summary judgment will be granted in favor of Gary Anderson, P. Liedtka Trucking, Inc. and Philip Liedtka.[1]

■ Metals and Roll Form both seek summary judgment in their favor on the ground that they are entitled to judgment as a matter of law upon facts that are not generally disputed.[2]

Third party defendant Metals' presence in this action is predicated upon allegations of its negligence in the loading of the coils onto the tractor trailer. At the deposition of Peter McHugh, Metals' plant foreman, there was testimony that although Metals' crane moved the coils onto the trucks, it was under the supervision of Hicks, plaintiff's decedent, and it was Hicks who bound the coils to the truck. Without more, this would be sufficient evidence to contravene any allegation of negligent loading asserted against Metals. This evidence is uncontradicted and no party in briefs or oral argument has declared an ability or desire to refute it. No good reason has been presented why any party is unable to present facts in opposition.

■■ Summary judgment should not be denied merely because the pleadings create the appearance of a dispute. Bobo v. Page Engineering Co., 285 F.Supp. 664 (1967) aff'd (3d Cir. 1968) 395 F.2d 991; Robin Construction Co. v. United States, 345 F.2d 610, 614–615 (3d Cir. 1965). An opposing party who has no

---

1. Philip Liedtka, owner of the tractor trailer leased to P. Liedtka Trucking, Inc., although not a formal party to the Chester County action is entitled to the benefit of the Chester County verdict and judgment in the absence of any assertions as to his individual negligence. Chicago, R. I. and P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926).

2. F.R.Civ.P. 56(c) states in part:
   "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

contradictory evidence and who cannot show that any would be available at the trial is not entitled to a denial of the motion for summary judgment on the basis of a hope that such evidence will develop at the trial. Consequently, there being no genuine issue of material fact and, on the facts as established by credible evidence as to the sole allegation of negligent loading, movant is entitled to judgment as a matter of law. Therefore, summary judgment will be granted in favor of defendant Metals.

Roll Form, the decedent's employer and sub-lessee of the tractor trailer from Liedtka, has been charged with failure to supply decedent with proper equipment and working conditions and with improper loading.

Original defendants argue that an inference of negligence should arise because of the nature of decedent's injuries and Roll Form's status as decedent's employer with its legal duty of providing a safe place to work.

It is the law in Pennsylvania that negligence cannot be inferred or presumed from a mere happening of an accident nor from a mere fact of an injury. Zeman v. Borough of Canonsburg, 423 Pa. 450, 223 A.2d 728; Cuthbert v. City of Philadelphia, 417 Pa. 610, 209 A.2d 261.

On the present record, we cannot state as a matter of law that the defendant Roll Form is entitled to judgment. Third party plaintiffs Unger and Hafer have alleged a situation which, if proved, would entitle them to relief against Roll Form. For these reasons summary judgment as to Roll Form Product Company will be denied.

Roll Form requests a separate trial on the third party action in accordance with Federal Rule 42(b).[3]

3. Rule 42(b) reads:
"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any

I am of the opinion that balancing the slight possible confusion to a jury of a single third party defendant against the preference for a single trial when the issues are similar, defendant's request for a separate trial should be denied.

separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."